360 So.2d 1076 (1978)
In re FLORIDA RULES OF Judicial Administration.
No. 54525.
Supreme Court of Florida.
June 30 and July 21, 1978.
Opinion Filed June 30, 1978.
PER CURIAM.
The following rules shall take effect on 12:01 a.m., July 1, 1978.
These rules are a compilation and consolidation of the rules of judicial administration contained in the Florida Rules of Appellate Procedure, Florida Rules of Civil Procedure, Florida Rules of Criminal Procedure and Transition Rules. Obsolete provisions have been deleted and only minor substantive and style and drafting changes have been made.
We invite all interested persons to submit to the Court, no later than December 31, 1978, any comments or requests for clarification or amendments including substantive proposals. Any proposal for a change in the rules should contain the precise language which the proponent would have the Court add, delete or change.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.

 FLORIDA RULES OF JUDICIAL ADMINISTRATION
 INDEX
Rule Page
2.010 EFFECTIVE DATE AND SCOPE ........... 1076
2.020 DEFINITIONS ........................ 1076
2.030 THE SUPREME COURT .................. 1076
2.040 DISTRICT COURTS OF APPEAL .......... 1080
2.050 TRIAL COURT ADMINISTRATION ......... 1081
2.060 ATTORNEYS .......................... 1084
2.070 COURT REPORTING .................... 1086
2.080 UNIFORM CASE REPORTING SYSTEM
 FOR TRIAL COURTS .................. 1088
2.090 ELECTRONIC FILING OF MATTERS IN
 ALL PROCEEDINGS WITHIN THE
 STATE COURTS SYSTEM ............... 1088
2.100 STATEWIDE GRAND JURY; COMPILATION
 OF LISTS; EXCUSAL OF
 PROSPECTIVE JURORS ................ 1089
2.110 ADMINISTRATION OF MUNICIPAL
 ORDINANCE VIOLATIONS .............. 1090
2.120 CONFERENCE OF COUNTY COURT
 JUDGES ............................ 1090
2.130 SUPREME COURT RULES ADVISORY
 COMMITTEE ......................... 1091

RULE 2.010. EFFECTIVE DATE AND SCOPE
These rules, cited as "Florida Rules of Judicial Administration," and abbreviated as "Fla.R.Jud.Admin.," shall take effect at 12:01 a.m., on ____, 1978. They shall apply to all of the court administrative matters in all courts to which the rules are applicable by their terms. The rules shall be construed to secure the speedy and inexpensive determination of every proceeding to which they are applicable. These rules shall supersede all conflicting rules and statutes.

RULE 2.020. DEFINITIONS
The following terms have the meanings shown as used in these rules:
(a) Court Rule: a rule of practice or procedure adopted to facilitate the uniform conduct of litigation applicable to all proceedings, all parties and all attorneys.
(b) Local Court Rule: a rule of practice or procedure for circuit or county application only that, because of local conditions, supplies an omission in or facilitates application of a rule of statewide application and does not conflict therewith.
(c) Administrative Order: a directive necessary to properly administer the court's affairs but shall not be inconsistent with the Constitution or with court rules and administrative orders entered by the Supreme Court.

*1077 RULE 2.030. THE SUPREME COURT

(a) Internal Government.
(1) Exercise of Powers and Jurisdiction. The Supreme Court shall exercise its powers and jurisdiction en banc. Five justices shall constitute a quorum but the concurrence of four shall be necessary to a decision. If four justices who hear the argument do not concur, it shall be submitted to the other two justices.

(2) Chief Justice.

(A) The Chief Justice shall be chosen by the justices for a term commencing on the first day of July of even numbered years. If a vacancy occurs a successor shall be chosen within thirty days for the balance of the unexpired term. The Chief Justice shall be the administrative officer of the Court and shall be responsible for the dispatch of its business.
(B) The Chief Justice shall have the following administrative powers and duties:
(i) He shall be the administrative officer of the Court and shall be responsible for the dispatch of its business;
(ii) He shall have the power to act on requests for stays during the pendency of proceedings, to order the consolidation of cases, to determine all procedural motions and petitions to file or extend the time for filing briefs and other papers provided for under the rules of this Court, to advance or continue cases, and to rule on any other purely procedural matter relating to any proceeding or process in the Court preparatory to a hearing or decision on the merits;
(iii) He shall assign active or retired county, circuit, or appellate judges or justices to judicial service in this state in accordance with (a)(3) and (a)(4) of this rule; and
(iv) He shall perform such other administrative duties as may be required and which are not otherwise provided for by law or rule.
(C) The Chief Justice shall be notified by all justices of any contemplated absences from the Court and the reasons therefor.
(D) If the Chief Justice dies, retires, or is unable to act, the justice longest in continuous service shall perform the duties during the inability or until a Chief Justice is elected.

(3) Administration.

(A) The Chief Justice may temporarily assign justices of the Supreme Court, judges of district courts of appeal, circuit judges, and judges of county courts to any court of this state. Any retired justice or judge may, with his consent, be assigned to judicial service and shall receive compensation as provided by law.
(B) For the purpose of judicial administration, a "retired judge" is defined as a judge not engaged in the practice of law who has been a judicial officer of this state. The retired judge shall further comply with all other requirements that the Supreme Court deems necessary relating to the recall of retired judges.
(C) When a judge who is eligible to draw retirement compensation has entered the private practice of law or any other nonjudicial activity subsequent to judicial service, the judge may be eligible for recall to judicial service upon cessation of the private practice of law and approval of the judge's application to the Court. The application shall state the period of time the judge has not engaged in the practice of law, and must be approved by the Court before the judge shall be eligible for recall to judicial service.

(4) Assignments of Justices and Judges.

(A) When any justice of the Supreme Court is unable to perform the duties of his office, or when necessary for the prompt dispatch of the business of the Court, the *1078 Chief Justice may call any judge to the Court for such time as the Chief Justice may direct.
(B) When a judge of any district court of appeal is unable to perform the duties of his office, or when necessary for the prompt dispatch of the business of the court, the chief judge shall advise the Chief Justice of the inability and the Chief Justice shall assign a judge to the court for such time as the Chief Justice may direct.
(C) When any circuit or county judge is unable to perform the duties of his office, or when necessary for the prompt dispatch of the business of the court, the chief judge of the circuit may assign any judge in the circuit to temporary service for which the judge is qualified, in accordance with Rule 2.050. If the chief judge deems it necessary, he shall advise the Chief Justice, who may assign a judge to the court for such times as the Chief Justice may direct.
(D) The Chief Justice may make assignments of justices or judges when necessary for the prompt dispatch of business in the courts of this state.

(b) Clerk.
(1) Appointment. The Supreme Court shall appoint a clerk who shall hold office during the pleasure of the Court and perform such duties as the Court directs. His compensation shall be fixed by law. The clerk shall have his office in the Supreme Court building. He shall devote his time to the duties of the office and shall not engage in the practice of law while he continues in office.

(2) Custody of Books, Records and Seal.

All books, papers, records, files and the seal of the Court shall be kept in the office of the clerk and in his custody. The clerk shall not allow any book, paper, record or file to be taken from his office or the courtroom, except by a justice of the Court or upon the order of the Court.
(3) Record of Proceedings. The clerk shall keep such records as the Court may from time to time order or direct. The clerk shall keep a docket of all cases that are appealed to, or that originate in, the Court. Each case shall be docketed and numbered in the order that the notice of appeal or the petition originating the cause is filed in the Court.
(4) Filing Fee. In all appeals and cases originating in the Court, the clerk shall require the payment of a fee as provided by law when the notice of appeal, petition or other initial pleading is filed. The payment shall not be exacted in advance in criminal appeals in which the defendant has been adjudicated insolvent for the purpose of an appeal or in appeals in which the state is the real party in interest as the moving party. The payment of the fee shall not be required in habeas corpus proceedings, or appeals therefrom, arising out of or in connection with criminal actions.
(5) Issuance of Mandate, Recordation and Notification. The clerk shall issue such mandates or process as may be directed by the Court. Upon the issuance of any mandate the clerk shall record the issuance in a book kept for that purpose in which he shall note the date of issuance and the manner of transmittal of the process. In proceedings when no mandate is issued, the clerk shall transmit to the party affected thereby a copy of the Court's order on judgment upon final adjudication of the pending cause. The clerk shall notify the attorneys of record of the issuance of any mandate or the rendition of any final judgment. The clerk shall furnish without charge to all attorneys of record in any cause a copy of any order or written opinion rendered in such action.
(6) Return of Original Papers. Upon the conclusion of any proceeding in the Supreme Court, the clerk shall return to the clerk of the lower court the original papers or files transmitted to the Court for use in the cause.

*1079 (c) Librarian.
(1) Appointment. The Supreme Court shall appoint a librarian of the Supreme Court and such assistants as may be necessary. The Supreme Court library shall be in the custody of the librarian, but under the exclusive control of the Court. The library shall be open to members of the bar of the Supreme Court, to members of the legislature, to law officers of the executive or other departments of the state, and to such other persons as may be allowed to use the library by special permission of the Court.
(2) Library Hours. The library shall be open during such times as the reasonable needs of the bar require and shall be governed by regulations made by the librarian with the approval of the Court.
(3) Books. Books shall not be removed from the library, except for use by the justices or on order of the Chief Justice or any justice.

(d) Marshal.
(1) Appointment. The Supreme Court shall appoint a marshal who shall hold office at the pleasure of the Court and perform such duties as the Court directs. His compensation shall be fixed by law.
(2) Duties. The marshal shall have power to execute process of the court throughout the state, and in any county may deputize the sheriff or a deputy sheriff for such purpose. He shall perform such clerical or ministerial duties as the Court may direct, or as required by law. Subject to the direction of the Court, the marshal shall be custodian of the Supreme Court building and grounds.

(e) State Courts Administrator.
(1) Appointment. The Supreme Court shall appoint a state courts administrator who shall serve at the pleasure of the Court and perform such duties as the Court directs. His compensation shall be fixed by law.
(2) Duties. The state courts administrator shall supervise the administrative office of Florida Courts, that shall be maintained at such place as directed by the Supreme Court. He shall employ such other personnel as the Supreme Court deems necessary to aid in the administration of the state courts system. He shall represent the state courts system before the legislature and other bodies with respect to matters affecting the state courts system and functions related to and serving the system. He shall supervise the preparation and submission to the Supreme Court for review and approval a tentative budget request for the state courts system and shall appear before the secretary of administration and the legislature in accordance with the Court's directions in support of the final budget request on behalf of the system. He shall assist in the preparation of educational and training materials for the state courts system and related personnel and shall coordinate or assist in the conduct of educational and training sessions for such personnel. He shall assist all courts in the development of improvements in the system, and submit to the Chief Justice and the Supreme Court appropriate recommendations to improve the state courts system. He shall collect and compile uniform financial and other statistical data or information reflective of the cost, work loads, and business of the state courts system and other functions related to and serving the system.
(f) Open Sessions. All sessions of the Court shall be open to the public, except conference sessions held for the discussion and consideration of pending cases and the formulation of opinions by the Court.
(g) Designation of Assigned Judges. When any judge of another court is assigned for temporary service on the Supreme Court, he shall be designated, as author or participant, by his name and initials followed by the words "Associate Justice."

*1080 RULE 2.040. DISTRICT COURTS OF APPEAL

(a)Internal Government.
(1) Exercise of Powers and Jurisdiction. Three judges shall constitute a panel for and shall consider each case and the concurrence of a majority of the panel shall be necessary to a decision.
(2) Chief Judge. The chief judge shall be chosen by the judges of the court by July 1 of each odd-numbered year, and shall serve for a term of two years. In the event of a vacancy, a successor shall be chosen within thirty days for the balance of the unexpired term. The chief judge shall be the administrative officer of the court and responsible for the dispatch of its business. He shall have the power to order consolidation of cases and shall assign cases to the judges for the preparation of opinions, orders or judgments. If the chief judge is unable to discharge his duties, the judge longest in continuous service or, as between judges with equal continuous service, the one having the longest unexpired term and able to do so, shall perform the duties of chief judge pending his return to duty. Judges shall notify the chief judge of any contemplated absence from the court and the reasons therefor.

(b) Clerk.
(1) Appointment. The court shall appoint a clerk who shall hold office during the pleasure of the court and perform such duties as the court directs. His compensation shall be fixed by law. The clerk shall have his office in the headquarters of the court. He shall devote his time to the duties of the office and shall not engage in the practice of law while he continues in office. All books, papers, records, files and the seal of the court shall be kept in the office of the clerk and in his custody. The clerk shall not allow any book, paper, record or file to be taken from his office or the courtroom, except by a judge of the court or upon the order of the court.
(2) Records of Proceedings. The clerk shall keep such records as the court may from time to time order or direct. The clerk shall keep a docket of all cases that are appealed to or originate in the court. Each case shall be docketed and numbered in the order that the certified copy of the notice of appeal or the petition, suggestion or information originating the proceeding is filed.
(3) Filing Fee. In all appeals and cases originating in the court, the clerk shall require the payment of a fee as provided by law at the time the certified copy of the notice of appeal, petition, or other initial pleading is filed. The payment shall not be exacted in advance in criminal appeals in which the defendant has been adjudicated insolvent for the purpose of an appeal, or in appeals in which the state is the real party in interest as the moving party. The payment of the fee or any costs shall not be required in habeas corpus proceedings or appeals therefrom, arising out of or in connection with criminal actions.
(4) Issuance of Mandate, Recordation and Notification  Writing Opinions. The clerk shall issue such mandates or process as may be directed by the court. Upon the issuance of any mandate the clerk shall record the issuance in a book kept for that purpose in which he shall note the date of issuance and the manner of transmittal of the process. In proceedings where no mandate is issued, the clerk shall transmit to the party affected thereby a copy of the court's order or judgment upon final adjudication of the pending cause. The clerk shall notify the attorneys of record of the issuance of any mandate or the rendition of any final judgment. The clerk shall furnish without charge to all attorneys of record in any cause a copy of any order or written opinion rendered in such action.
(5) Return of Original Papers. The clerk shall retain all original papers, files and exhibits transmitted to the court for a period of not less than thirty days after rendition *1081 of the opinion or order denying petition for rehearing whichever is later. If no petition for certiorari or appeal has been filed in the Supreme Court for review of the court's decision within thirty days, the clerk shall transmit to the clerk of the trial court the original papers, files and exhibits. If a petition for certiorari or appeal has been filed in the Supreme Court to review the court's decision, the original papers, files and exhibits shall be retained by the clerk until final disposition by the Supreme Court and final disposition by the court pursuant to the mandate issued by the Supreme Court.

(c) Marshal.
(1) Appointment. The court shall appoint a marshal who shall hold office at the pleasure of the court and perform such duties as the court directs. His compensation shall be fixed by law.
(2) Duties. The marshal shall have power to execute process of the court throughout the state, and in any county may deputize the sheriff or a deputy sheriff for such purpose. The marshal shall perform such clerical or ministerial duties as the court may direct or as required by law. The marshal shall be custodian of the headquarters occupied by the court, whether the headquarters is an entire building or a part of a building.
(d) Open Sessions. All sessions of the court shall be open to the public, except conference sessions held for the discussion and consideration of pending cases and the formulation of opinions by the court.
(e) Designation of Assigned Judges. When any justice or judge of another court is assigned for temporary service on the district court of appeal, he shall be designated, as author or participant, by his name and initials followed by the words "Associate Judge."

RULE 2.050. TRIAL COURT ADMINISTRATION
(a) Purpose. The purpose of this rule is to fix administrative responsibility in the chief judge of the circuit court and the other judges that he may designate, and to secure the speedy and efficient administration of the court's business including prompt disposition of cases, assignment of judges and other court officers, control of dockets, regulation of the use of courtrooms, and mandatory periodic review of the status of inmates of the county jail. When these rules refer to the court, they shall be construed to apply to a judge of it when the context requires or permits.

(b) Chief Judge.
(1) The chief judge shall be a circuit judge who possesses administrative ability.
(2) The chief judge shall exercise administrative supervision over all courts within the judicial circuit in the exercise of judicial powers and over the judges and officers of the courts, and shall be responsible to the Chief Justice of the Supreme Court. The chief judge may enter administrative orders over his signature except as provided otherwise by this rule.
(3) The chief judge shall be the chief judicial officer of the circuit and shall maintain liaison in all judicial administrative matters with the Chief Justice of the Supreme Court. He shall develop an administrative plan for the efficient and proper administration of all courts within his circuit and submit them to the Chief Justice. The plan shall include an administrative organization capable of effecting the prompt disposition of cases, assignment of judges and other court officers, including executive assistants, control of dockets, regulation and use of courtrooms and mandatory periodic review of the status of the inmates of the county jail. The plan shall be compatible with the development of the capabilities *1082 of the judges in such a manner that each judge will be qualified to serve in any division, thereby creating a judicial pool from which judges may be assigned to various courts throughout the state. The administrative plan shall include a consideration of the statistical data developed by the case reporting system. Questions concerning the administration or management of the courts of the circuit shall be directed to the Chief Justice of the Supreme Court through the state courts administrator.
(4) The chief judge shall assign judges to the courts and divisions, and shall determine the length of each assignment. All judges shall inform the chief judge of any contemplated absences that will affect the progress of the court's business. If a judge is temporarily absent, is disqualified in an action or is unable to perform his duties, the chief judge or his designee may assign a proceeding pending before the judge to any other judge or any additional assigned judge of the same court. The chief judge may assign any judge to temporary service for which the judge is qualified in any court in the same circuit. If it appears to the chief judge that the speedy, efficient and proper administration of justice so requires, he shall request the Chief Justice of the Supreme Court to temporarily assign an additional judge or judges from outside the circuit to duty in the court requiring assistance. He shall advise the Chief Justice whether or not he has the approval of the chief judge of the circuit from which the assignment is to be made. The assigned judges shall be subject to administrative supervision of the chief judge for all purposes of this rule. Nothing in this rule shall restrict the constitutional powers of the Chief Justice of the Supreme Court to make such assignments as he shall deem appropriate.
(5) The chief judge may designate a judge in any court or court division of circuit or county courts as "Administrative Judge" of any court or division to assist with the administrative supervision of the court or division. The designee shall be responsible to the chief judge, shall have the power and duty to carry out the responsibilities assigned to him by the chief judge and shall serve at the pleasure of the chief judge.
(6) The chief judge may require the attendance of prosecutors, public defenders, clerks, bailiffs and other officers of the courts, and may require from the clerks of the courts, sheriffs or other officers of the courts, periodic reports that he deems necessary.
(7) The chief judge shall regulate the use of courtrooms, regularly examine the dockets of the courts under his administrative supervision and require a report on the status of the actions on the dockets and take such action as may be necessary to cause the dockets to be made current.
(8) The chief judge or his designee shall regularly examine the status of every inmate of the county jail.
(9) The chief judge may authorize the clerks of courts to maintain branch county court facilities. When so authorized clerks of court shall be permitted to retain in such branch court facilities all county court permanent records of pending or undisposed of cases and may retain and destroy these records in the manner provided by law.
(c) Selection. The chief judge shall be chosen by a majority of the circuit judges, or if there is no majority, by the Chief Justice, for a term of two years. A chief judge may be removed as chief judge by the Supreme Court sitting as the administrative supervisory body of all courts. The purpose of this rule is to fix a two-year cycle for the selection of chief judge in each circuit. A chief judge may serve for successive terms. If a chief judge is to be temporarily absent, he shall select an acting chief judge from among the circuit judges. If a chief judge dies, retires, fails to appoint an acting chief judge dies, retires, fails to appoint an acting chief judge during an absence, or is unable to perform his duties, the Chief *1083 Justice of the Supreme Court shall appoint a circuit judge to act as chief judge during the absence or disability or until a successor chief judge is elected to serve the unexpired term. When the office of chief judge is temporarily vacant pending action within the scope of this paragraph, the duties of court administration shall be performed by the circuit judge having the longest continuous service as a judge or by another circuit judge designated by him.
(d) Executive Assistant. An executive assistant may be selected by a majority of the circuit judges and shall perform such duties as the chief judge may direct.

(e) Local Rules and Administrative Orders.
(1) Local court rules as defined in Rule 2.020 may be proposed by a majority of the circuit and county judges in the circuit. The judges shall notify any local bar association or associations within the circuit of the proposal and may permit the associations to be heard orally or in writing on the proposal before submitting it to the Supreme Court for approval. When a proposed local court rule is submitted to the Supreme Court for approval, the following procedure shall apply:
(A) Local court rule proposals shall be submitted to the Supreme Court in January of each year. The Supreme Court may authorize emergency proposals for submission at other times.
(B) Within five days subsequent to February 1 of each year the clerk of the Supreme Court shall submit all local court rule proposals to the Supreme Court Rules Advisory Committee provided for in Rule 1.130. At the same time the clerk of the Supreme Court shall send copies of the proposed rules to the appropriate committee of The Florida Bar and to any local bar associations in the circuit from which the proposal is submitted. The Florida Bar committee and local bar associations shall submit any responses that they wish to make to the Supreme Court Rules Advisory Committee on or before March 1 of the year. Any member of the Bar or other interested person may submit comments within the same time period.
(C) The Supreme Court Rules Advisory Committee shall meet on or before March 15 to consider the proposals and any comments made about same. The Committee shall transmit its recommendations to the Supreme Court concerning each proposal with the reasons for its recommendations within 15 days after its meeting.
(D) The Supreme Court shall consider the recommendations of the Committee. If the Supreme Court decides to make any changes in the proposed rules as recommended, it may resubmit the proposals as changed to the Committee for editorial comment only. The Supreme Court may set a hearing on the proposals or consider them on the recommendations and comments as submitted. If a hearing is set, notice shall be given to the chief judge of the circuit from which the proposals emanated, the executive director of The Florida Bar, the chairman of the Florida Court Rules Committee of The Florida Bar, any local bar associations and interested persons who made comments. The Supreme Court shall act on the proposals within 30 days after the recommendations are received or, if a hearing is set, within 30 days after the hearing.
(E) If a local court rule is approved by the Supreme Court, it shall become effective on the date set by the Court, not less than 20 days from the date of approval by the Supreme Court.
(F) A copy of all local court rules approved by the Supreme Court shall be recorded by the clerk of the circuit court in each county of the circuit where the rules are effective. A set of the recorded copies shall be available for inspection as a public record. The chief judge of the circuit may provide for the publication of the rules. *1084 The clerk of the Supreme Court shall furnish copies of each approved local court rule to the executive director of The Florida Bar and to any law book publisher requesting same.
(2) If any judge or member of The Florida Bar believes that an administrative order promulgated under subsection (b)(2) of this rule is a Court rule or a local court rule as defined in Rule 2.020 rather than an administrative order, he may apply to the Supreme Court Rules Advisory Committee for a decision on the question. The decisions of the Committee concerning the determination of the question shall be made to the Supreme Court. The Supreme Court shall follow the procedure set forth in subsection (D) of subsection (1) in considering the recommendation of the Committee.
(3) All local rules previously approved by the Supreme Court shall remain in effect until January 1, 1979. Prior to July 1, 1978, the chief judge of each circuit shall review the local rules approved for the circuit and shall divide them into administrative orders and local court rules. All local court rules shall be submitted to the Supreme Court by August 1, 1978, for review in accordance with the procedure under subsection (1) of this rule within time limits to be established by an order of the Supreme Court. All administrative orders of a general and continuing nature shall be submitted at the same time. The Supreme Court Rules Advisory Committee shall make recommendations to the Supreme Court concerning whether each administrative order falls within the definition of a local court rule as defined in Rule 2.020. The Supreme Court shall consider the recommendations of the committee in the same manner that it considers the recommendations of the committee in connection with local court rule proposals and on a time schedule to be set by the Supreme Court. All local rules previously approved by the Supreme Court shall cease to be effective on December 31, 1978, unless reapproved in accordance with this subsection.
(4) All administrative orders of a general and continuing nature, and all others designated by the chief judge, shall be indexed and recorded by the clerk of the circuit court in each county where the orders are effective.
(5) All local court rules entered pursuant to this section shall be numbered sequentially for each respective judicial circuit.
(f) Duty to Rule within a Reasonable Time. Every judge has a duty to rule upon and announce his order or judgment on every matter submitted to him within a reasonable time. Each judge shall maintain a log of cases under advisement and inform the chief judge of his circuit at the end of each calendar month of each case that he has held under advisement for more than sixty days.
(g) Neglect of Duty. The failure of any judge, clerk, prosecutor, public defender, court reporter or other officer of the court to comply with an order or directive of the chief judge shall be considered neglect of duty and shall be reported to the Chief Justice of the Supreme Court. The Chief Justice may report the neglect of duty of a judge to the Judicial Qualifications Commission and neglect of duty by other officials to the Governor of Florida or other appropriate person or body.

RULE 2.060. ATTORNEYS
(a) Local Attorneys. All persons in good standing as a member of The Florida Bar shall be permitted to practice in Florida.
(b) Foreign Attorneys. Upon motion filed with a court showing that an attorney is a member in good standing of the bar of another state and that, under the rules of comity of the other state a member of The Florida Bar is permitted to appear in that state, attorneys of other states may be permitted to appear in particular cases in a Florida court. A request for an appearance shall be before oral arguments in an appellate *1085 court proceeding and before trial in a trial court. Attorneys of other states shall not do a general practice unless they are members of The Florida Bar in good standing.
(c) Clerks and Secretaries not to Practice. No one serving as a research aide or secretary to a justice or judge of any court shall practice as an attorney in any court or before any agency of government while continuing in that position nor shall he participate in any manner in any proceeding that was docketed in the court when he had the position or prior thereto.
(d) Pleadings to be Signed. Every pleading and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name whose address and telephone number, including area code, shall be stated and who shall be duly licensed to practice law in Florida. He may be required by the court to vouch for his authority to represent and to give the address of the party. Except when otherwise specifically provided by an applicable rule or an applicable statute, pleadings need not be verified or accompanied by affidavit. The signature of an attorney shall constitute a certificate by him that he has read the pleading or other paper; that to the best of his knowledge, information and belief there is good ground to support it and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken and the action may proceed as though the pleading or other paper had not been served.
(e) Party not Represented to Sign. A party who has no attorney but represents himself shall sign his pleading or other paper and state his address and telephone number, including area code.
(f) Attorney not to be Surety. No attorney or other officer of court shall enter himself or be taken as bail or surety in any proceeding in court.
(g) Stipulations. No private agreement or consent between parties or their attorneys concerning the practice or procedure in an action shall be of any force unless the evidence of it is in writing, subscribed by the party or his attorney against whom it is alleged. Parol agreements may be made before the court if promptly made a part of the record or incorporated in the stenographic notes of the proceedings and agreements made at depositions that are incorporated in the transcript need not be signed when signing of the deposition is waived. This rule shall not apply to settlement agreements or other substantive agreements.
(h) Substitution of Attorneys. Attorneys for a party may be substituted at any time by order of court. No substitute attorney shall be permitted to appear in the absence of an order. The court may condition substitution upon payment of or security for the substituted attorney's fee and expenses or upon such other terms as may be just.
(i) Withdrawal of Attorney. An attorney shall not be permitted to withdraw from an action unless the withdrawal is approved by the court. The attorney may file a motion for that purpose stating the reasons for withdrawal. A copy of the motion shall be served on the client and adverse parties.
(j) Addition of Attorneys. After a proceeding has been filed in a court, additional attorneys may appear, without securing permission of the court.
(k) Law Student Participation. Eligible law students shall be permitted to participate as provided under the conditions in Article 18 of the Integration Rule of The Florida Bar as amended from time to time.
(l) Attorney as Agent of Client. In all matters concerning the prosecution or defense of any proceeding in the court, the attorney of record shall be the agent of the *1086 client and any notice by or to the attorney or act by the attorney in the proceeding shall be accepted as the act or notice to the client.

RULE 2.070. COURT REPORTING
(a) When Reporting Required. All criminal and juvenile proceedings, and any other judicial proceedings required by law or court rule to be reported at public expense, shall be reported. Any proceeding shall be reported on the request of any party. The party so requesting shall pay the reporting fees but this requirement shall not preclude the taxation of costs as authorized by law. Grand jury proceedings, upon order of the chief judge of the circuit, shall be reported; however, no transcription may be made without an order of a court of competent jurisdiction requiring said transcription.
(b) Record. When trial proceedings are being reported, no part of the proceedings shall be omitted unless all of the parties agree to do so and the court approves the agreement.

(c) Electronic Reporting.
(1) When the chief judge deems it appropriate or necessary, he may authorize by administrative order the use of electronic reporting for any judicial proceedings, including depositions, required to be reported. Appropriate procedures shall be prescribed in the order which shall:
(A) Set forth responsibilities for the court's support personnel to ensure a reliable record of the proceedings;
(B) Provide a means to have the recording transcribed, either in whole or in part, when necessary for an appeal; and
(C) Provide for the safekeeping of such recordings.
The order shall be uniform in and for all courts throughout the territorial jurisdiction of the judicial circuit and shall be recorded.
(2) The presiding judge in a specific case, however, may require a stenographic reporter, if available, or either party may request, or provide and pay for the cost of a qualified stenographic reporter. The presiding judge shall determine the qualifications of a stenographic reporter who is not an official or deputy court reporter. When accepted by the court, such court reporter shall be subject to the orders of the court and directions to transcribe the record from all parties.
(d) Video Tape and Non-Stenographic Depositions. The judges of the circuit by majority vote may adopt a standard order governing the use of video tape depositions and authorizing that the testimony at a deposition be recorded by other than stenographic means for use in any court proceedings. The order shall designate the manner of recording, preserving and filing of depositions and may include other provisions to assure that the recorded testimony will be accurate and trustworthy. The order shall, subject to the provisions of Rule 1.280(c), be automatically applicable upon the giving of notice of taking any video tape or non-stenographic deposition but may be modified by the presiding judge upon the application of any party. The order shall be uniform in and for all courts throughout the territorial jurisdiction of the judicial circuit and shall be recorded.
(e) Fees. The judges of a circuit court by majority vote may set the fees for court proceedings and depositions to be charged by court reporters by administrative order. The order shall be uniform in and for all courts throughout the territorial jurisdiction of the judicial circuit and shall be recorded. In the absence of an order the fees for court proceedings and depositions to be charged by court reporters shall be as provided by law.
(f) Transcripts. Transcripts of all judicial proceedings, including depositions, shall *1087 be uniform in and for all courts throughout the state. The form size, spacing and method of typing transcripts are as follows:
(1) All proceedings shall be typed or printed on paper 8 1/2 inches by 11 in size, prepared for binding at the top or on the left side margin.
(2) All margins, measured from the edge of the paper, shall be no more than 1 1/2 inches at the top and left side and no more than 1/2 inch at the right side.
(3) There shall be no less than 25 typed or printed lines per page and all typing or printing shall be double spaced, except where there are quotations or citations listed which shall be single spaced, with no more than a double space between paragraphs.
(4) Type size or print shall be pica or comparable type or print of no less than ten characters to the inch.
(5) Statements, testimony, questions and answers shall begin on the same line following the identification of the speaker with no more than two spaces between the identification of the speaker and the commencement of the statement, testimony, question or answer.
(6) Indentations of no more than five spaces may be utilized for paragraphs, questions and answers and all spaces on a line as herein provided shall be utilized unless the statement, testimony, question or answer of the speaker ends short of marginal requirements.
(7) Individual volumes of a transcript, excluding depositions, shall be no more than 200 pages in length, inclusive of the index.
(g) Compensation. Each official court reporter shall on a monthly basis certify to the chief judge of the circuit to which he is appointed the number of hours service of the reporter and his or her approved deputies in criminal and juvenile proceedings, excluding depositions, in circuit and county courts. Upon approval by the chief judge such certification shall be submitted by the chief judge or his designee to the state courts administrator no later than the tenth day of the following month.
(1) Each official circuit court reporter shall serve a maximum of sixty hours per month for which compensation by the State of Florida will be as provided by law.
(2) Minimum credit toward this sixty hours of two and one-half hours each day shall be given for first appearance in any court before the lunch recess and a minimum credit of two and one-half hours shall be given for first appearance after that recess. An hour-for-hour credit will be given for actual time spent in court exceeding five hours per day.
(3) Any number of hours accumulated in addition to sixty by the formula set forth above shall be compensated at the rate of $10 per hour.
(4) Each official circuit court reporter may accumulate credit for the services of any of his or her officially approved deputies in the same manner as if he or she had performed these services personally.
(5) Each official circuit court reporter shall make his or her certification to the chief judge of the circuit on forms provided by the state courts administrator. The forms shall be uniform in and for all judicial circuits throughout the state.
(h) Reporter as Officer of Court. A court reporter, whether an official court reporter or deputy court reporter, is an officer of the court for all purposes while acting as a reporter in a judicial proceeding. He or she shall comply with all rules and statutes governing the proceeding that are applicable to court reporters.

RULE 2.080. UNIFORM CASE REPORTING SYSTEM FOR TRIAL COURTS
(a) Reporting. The clerk of the circuit court shall report the activity of all cases before all courts within his jurisdiction to *1088 the Supreme Court in the manner and on the forms established by the office of the state courts administrator and approved by order of the Court. In those jurisdictions where separate offices of the clerk of the circuit court and clerk of the county court have been established by law, the clerk of the circuit court shall report the activity of all cases before the circuit court, and the clerk of the county court shall report the activity of all cases before the county court.

(b) Uniform Case Numbering System.
(1) The clerk of the circuit court and the clerk of the county court, where that separate office exists, shall utilize the Uniform Case Numbering System. The uniform case number shall appear upon the case file, the docket and minute books, and upon the complaint.
(2) The office of the state courts administrator shall distribute to the respective clerks of the circuit and county courts appropriate instructions regarding the nature and use of the Uniform Case Numbering System.
(c) Major Statutory Offense. Law enforcement officers, at the time of the filing of a complaint with the clerk of court, shall designate whether the most serious charge on the complaint is a felony or a misdemeanor. The state attorney or his designee, at the time of the filing of an original information or an original indictment with the clerk of court, shall designate whether the most serious offense on the information or the indictment is a felony or misdemeanor. Complaints, original informations and original indictments on which the most serious charge is a felony shall be filed with the clerk of the circuit court.
(d) Ordinance Violations. In those cases when the state attorney has the responsibility for the prosecution of county or municipal ordinance violations, where such ordinances have state statutory equivalents, the state attorney or his designee shall set forth at the top of the face of the accusatory instrument the exact statute number of the single most serious offense charged.
(e) Information or Indictment After County Court Proceedings Begun. When action in a criminal case has been initiated in county court, and subsequently the state attorney files a direct information, or the grand jury indicts the defendant, the state attorney or his designee shall notify the clerk without delay.

RULE 2.090. ELECTRONIC FILING OF MATTERS IN ALL PROCEEDINGS WITHIN THE STATE COURTS SYSTEM
Any document may be filed with any court by an electronic copying device. The place of filing shall be deemed to be the place where the transmission is received. The document made at the receiving station shall be deemed the original filing and shall be so marked. The receiving party shall sign the document as having been received and filed by him. The original document shall thereafter be transmitted to the appropriate court. The sending party, if an official of the Florida State Courts System, shall collect from the party wishing to file electronically two dollars for the first page of any transmission and one dollar for each page thereafter, plus any long distance telephone charges. The money shall be posted to the Judicial Administrative Commission or to the agency specified by law on a monthly basis to help defray the cost of renting or purchasing the transmission equipment. Any official of the Florida State Courts System who believes there is justification in his office for use of transmitting equipment shall submit a letter of justification through the clerk and the chief judge of the appropriate court with which he is primarily dealing to the Supreme Court. The Supreme Court shall approve or disapprove the use. Upon designation by the appropriate clerk of court and approval *1089 of the Supreme Court the official may accept documents for electronic transmission and filing. This rule is not intended to preclude the transmission by privately leased electronic devices to approved offices.

RULE 2.100. STATEWIDE GRAND JURY; COMPILATION OF LISTS; EXCUSAL OF PROSPECTIVE JURORS
(a) Procedure. The chief judge of each judicial circuit shall cause a list of those persons whose names have been drawn and certified for jury duty in each of the counties within his circuit to be compiled. The lists shall be taken from the male and female population over the age of eighteen years and having the other constitutional and statutory qualifications for jury duty in this state not later than the last day of the first week of December of each year. From the lists so compiled, the chief judge shall cause to be selected, by lot and at random and by any authorized method including mechanical, electronic or electrical device, a list of prospective grand jurors from each county whose number shall be determined on the basis of three jurors for each 3,000 residents or a fraction thereof in each county. The lists from which the names are drawn may be, but are not required to be, the same lists from which petit and grand juries are drawn in each county and circuit. After compilation, the statewide grand jury lists shall be submitted to the state courts administrator not later than the fifteenth day of February of each year.
(b) Population. For the purposes of this rule, the population of each county shall be in accordance with the latest United States Decennial Census as set forth in the Florida Statutes.

(c) Excuses.
(1) The judge appointed to preside over the statewide grand jury may issue an order appointing the chief judge of the judicial circuit where a prospective grand juror resides to make a determination about whether service on the statewide grand jury will result in an unreasonable personal or financial hardship because of the location or projected length of the grand jury investigation.
(2) The chief judge of the circuit shall determine whether a prospective grand juror fails to meet the qualifications of a juror in the county where the person resides. The determination shall be made only for those prospective grand jurors who contact the chief judge and claim disqualification.
(3) The chief judge of the circuit shall excuse any prospective grand juror who requests and is qualified for exemption from grand jury service under Chapters 905 or 906, Florida Statutes, or from service as a juror in the county where the person resides. The chief judge shall inform the judge appointed to preside over the statewide grand jury without delay of any determination.

RULE 2.110. ADMINISTRATION OF MUNICIPAL ORDINANCE VIOLATIONS
(a) References to Abolished Municipal Courts. In the rules promulgated by the Supreme Court, the Florida Statutes and in any municipal ordinance, all references to municipal court or municipal judge shall be deemed to refer to the county court or county court judge.
(b) Costs in County Courts. When any violations of municipal ordinances are prosecuted in county court, the chief judge of a circuit shall, by order, establish a schedule of costs, in conformity with any provisions of law, to be assessed against a defendant in the county court and paid to the county. The costs shall be assessed as a set dollar amount per conviction, not to exceed fifty dollars ($50), excluding any other statutory costs.
(c) Collection of Outstanding Fines. All cases for which outstanding fines, civil *1090 penalties and costs are being collected by a municipality shall be retained by the municipality until collected or until the offender defaults on payment. If a default occurs the municipality may institute summary claims proceedings to collect the outstanding fines.
(d) Judicial Notice of Municipal Ordinances. The judges of the county courts may take judicial notice of any of the municipality's ordinances if a certified copy of the municipal ordinance has been filed in the office of the clerk of circuit court, or, in those counties having a clerk of the county court, filed in the latter office, and if a certified copy of the ordinance is presented to the court.
(e) Style of Municipal Ordinance Cases. All prosecutions of municipal ordinances in county court shall have the following style: City of ____ v. ____.

RULE 2.120. CONFERENCE OF COUNTY COURT JUDGES
(a) Creation. There shall be a "Conference of County Court Judges of Florida," that shall consist of the duly commissioned county court judges of the State of Florida.
(b) Purpose. The purpose of the conference shall be:
(1) The betterment of the judicial system of the State and its parts;
(2) The improvement of procedure and practice in the several courts; and
(3) To conduct conferences and institutes to provide continuing judicial education and forums in which the county court judges of Florida may meet and discuss the mutual problems and solutions.
(c) Officers. Management of the conference shall be vested in the officers of the conference, an executive committee, and a board of directors.
(1) The officers of the conference shall be:
(A) President, president-elect, immediate past president, secretary and treasurer, who shall be elected at large, and
(B) One vice-president elected from each appellate court district.
(2) The executive committee shall consist of the officers of the conference and an executive secretary.
(3) The board of directors shall consist of the executive committee and a member elected from each judicial circuit.
(4) There shall be an annual meeting of the conference.
(5) Between annual meetings of the conference, the affairs of the conference shall be managed by the executive committee.
(d) Authority. The conference may adopt a constitution and by-laws, the provisions of which shall not be inconsistent with this rule.

RULE 2.130. SUPREME COURT RULES ADVISORY COMMITTEE
There is hereby created an advisory committee on rules consisting of the following persons to be appointed by the Chief Justice of the Supreme Court to serve for a period of two years; one justice of the Supreme Court, one judge of each district court of appeal, one or more circuit judges, and three members of The Florida Bar. This committee shall conduct a continuous study of all rules of procedure adopted by the Court pursuant to Article V of the Florida Constitution and shall make such recommendations to the Supreme Court concerning the same, and all proposed amendments or additions thereto, as are deemed advisable.

Opinion filed July 21, 1978.
A Case of Original Jurisdiction.
PER CURIAM.
This order shall take effect immediately.
On June 30, 1978, this Court adopted the Florida Rules of Judicial Administration to take effect on 12:01 a.m., July 1, 1978.
Rule 2.070(f), Fla.R.Jud.Admin., was adopted to require uniform court reporter transcripts for all judicial proceedings in *1091 and for all courts throughout the state. The Court recognizes, however, that a reasonable transition period is required by the court reporters of this state in order to comply with the provisions of the rule. Accordingly, the Court hereby suspends the effective date of Rule 2.070(f), Fla.R.Jud. Admin., until 12:01 a.m., January 1, 1979.
The Court further invites the Florida Shorthand Reporters Association to submit to the Court through the State Courts Administrator any clarifying language necessary for uniform interpretation of the rule by the court reporters of this state.
ENGLAND, C.J., and ADKINS, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.