Tonja BURDEN, Plaintiff,

v.

CHURCH OF SCIENTOLOGY OF CALIFORNIA, et al., Defendants.

No. 80–501 Civ. T–K.

United States District Court,
M. D. Florida,
Tampa Division.

July 14, 1981.

Walt Logan, St. Petersburg, Fla., Tony Cunningham, Tampa, Fla., Michael J. Flynn, Boston, Mass., for plaintiff.

Alan Goldfarb, Miami, Fla., for Hubbards.

A. Thomas Hunt, Los Angeles, Cal., Howard J. Stechel, Beverly Hills, Cal., Gary S. Brooks, Miami, Fla., Lawrence E. Fuentes, Tampa, Fla., for Church of Scientology of California.

### ORDER

KRENTZMAN, District Judge.

For the Court's consideration is plaintiff's motion to compel answers to deposition questions and for imposition of an award of expenses, filed May 29, 1981, supplemented by authority filed on June 9, 1981.

Defendants L. Ron and Mary Sue Hubbard and defendant, Church of Scientology of California, each filed responses to the motion on June 12, 1981.

The motion concerns questions asked of Clyde H. Wilson, Jr., at deposition, who appeared as attorney for L. Ron and Mary Sue Hubbard in this case from May, 1980, to January, 1981. Plaintiff has been unable to locate the Hubbards to serve the complaint, to date.

The questions asked of Mr. Wilson at deposition, which are the subject of this motion, concern not only the address of his former clients, the Hubbards, but the identity of his clients, i. e. who in fact he represented, took compensation from, and instructions from. One or more of the defendants objected to questions at deposition on the ground of attorney-client privilege.

The attorney-client privilege, like any privilege, is not absolute. It may not, for example, be invoked to perpetrate a fraud upon the Court. *Anderson v. State*, 297 So.2d 871, 875 (Fla. 2DCA 1974).

The decision of whether to uphold the privilege is a balancing process. "In the end, the result in an individual case must turn on a balancing of society's interest in full disclosure against the policies which underlie the privilege." *In re Grand Jury Proceedings*, 517 F.2d 666, 671 (fn2) (5th Cir. 1975).

An excellent expression of the considerations to be balanced can be found in *People v. Warden*, 150 Misc. 714, 270 N.Y.S. 362, 371 (1934):

> The identity of an employer or client who retains a lawyer to act for him or for others in a civil or criminal proceeding should not be veiled in mystery. The dangers of disclosure are shadowy and remote; the evils of concealment are patent and overwhelming. As between the social policies competing for supremacy, the choice is clear. Disclosure should be made if we are to maintain confidence in the bar and in the administration of justice.

Because it impedes the search for truth, the privilege must not be lightly created nor expansively construed. *United States v. Nixon*, 418 U.S. 683, 710, 94 S.Ct. 3090, 3108, 41 L.Ed.2d 1039 (1974).

The privilege protects confidential communications, not the attorney-client relationship as a whole. *Matter of Walsh*, 623 F.2d 489, 493 (7th Cir. 1980).

The privilege is inappropriately invoked, as a general rule, to protect a client's identity, or the components thereof, i. e. fact of employment, compensation, address. McCormick, *Evidence*, § 90 at 185–7 (1972).

In civil actions and proceedings the privilege of a witness is determined by State law. Rule 501, Federal Rules of Evidence. Florida law follows the general rule cited above.

The Florida Rules of Judicial Administration, issued by the Supreme Court of Flori-

da at 360 So.2d 1076 (Fla.1978), Rule 2.060(d) provide:

(An attorney) may be required by the court to give the address of, and to vouch for his authority, to represent, the party.

Florida case law is similar:

The Court may compel an attorney, during the pendency of a cause, and perhaps thereafter should the occasion arise, to identify his client. The court has a right to know that the client whose secret is treasured is actual flesh and blood, and to demand his identification, for the purpose, at least, of testing the statement which has been made by the attorney who places before him the shield of this privilege.

*Silverman v. Turner*, 188 So.2d 354, 355 (Fla. 3 DCA 1966), 58 *Am.Jur.* Witnesses § 507.

■ The Court finds that the questions asked of Mr. Wilson at deposition, which are the subject of the motion to compel, concern his client(s) identity, address, compensation; in sum they concern the fact of his employment by them and his authority to represent them. As such, they are proper questions and are not protected by the attorney-client privilege under the case law and principles cited above.

Accordingly, plaintiff's motion to compel is GRANTED. The following questions are among those cited in plaintiff's motion, all objected to by one or more defendants. The objections are overruled as inappropriately invoking the attorney-client privilege. Answers to these and similar questions are compelled:

Have you at any time known (the Hubbards') whereabouts? (page 1 of the motion)

(Did you represent them) under the Burden file? (page 2)

By whom were you retained? (page 2)

Were you compensated for representing the Hubbards? (page 3)

Assuming that you were compensated for representing the Hubbards, who made the payment, where did the money come from? (page 3)

From whom did you receive those communications? (i. e., during the course of your representation of the Hubbards in the Burden file, communications which you received that you believed originated from the Hubbards) (page 4)

Did Mr. Park give you any instruction to render representation on behalf of Mr. and Mrs. Hubbard? (page 6)

Is there any individual that to your information and belief knows the whereabouts of Mr. and Mrs. Hubbard? (page 13)

Mr. Wilson, would it be a correct statement that you undertook the representation of two clients, Mary Sue Hubbard and L. Ron Hubbard, without knowing, number one, their location or address, or, number three, anybody who could communicate with the clients; is that a correct statement? (page 14)

In view of the previous history of this case, it is reasonable that the renewed discovery deposition be in the presence of the Court.

The deponent is directed to be present on July 28, 1981, at 1:30 p. m. in this Court. These questions may be asked of deponent at that time, and further questions may be asked and ruled on if necessary.

Ruling on the motion with regard to award of expenses is deferred at this time.