**Paulette COOPER, Plaintiff,**

**v.**

**CHURCH OF SCIENTOLOGY OF BOSTON, INC., Church of Scientology of California, Inc., L. Ron Hubbard, Mary Sue Hubbard, and Boston Safe Deposit and Trust Co., Defendants.**

**Civ. A. No. 81–681–MC.**

United States District Court,
D. Massachusetts.

Jan. 27, 1982.

Michael J. Flynn, Thomas M. Greene, Boston, Mass., for plaintiff.

Roger Geller, Geller & Weinberg, Boston, Mass., for Church of Scientology of Boston, Inc., L. Ron Hubbard and Mary Sue Hubbard.

Norman S. Zalkind, Elizabeth A. Lunt, Robert Sheketoff, Zalkind & Zalkind, Boston, Mass., for Church of Scientology of Calif.

Michael Lee Hertzberg, New York City, for defendant pro hac vice.

### MEMORANDUM AND ORDER

McNAUGHT, District Judge.

This matter came on to be heard on the objections of the Church of Scientology of Boston, Inc. (Church-Boston) to two of the orders of Magistrate Princi issued on July 31, 1981.[1] One of those orders allowed a motion by the plaintiff for approval of a real estate attachment and the other granted a motion approving substitute service on L. Ron Hubbard (Hubbard). At the hearing on these two objections, this court denied plaintiff's motion for a real estate attachment without prejudice to its renewal at a later time.

Magistrate Princi's order regarding substitute service was as follows:

It appears that L. Ron Hubbard has continuously attempted to avoid service of process and pursuant to M.G.L.A. C. 227 Sec. 7 and pursuant to M.G.L.A. C. 223A, Sec. 6, service may be made on the defendant outside the Commonwealth as directed by the Court.

Therefore, the following Order is issued, namely that service of process may be made on L. Ron Hubbard in the following manner:

1. Service of a summons and a copy of the complaint on the Secretary of State for the Commonwealth of Massachusetts;

2. Service on the Church of Scientology of Boston, Inc. as an agent of Hubbard transacting his affairs, and conduct-

ing his business and holding 10% of its gross revenues for him;

3. Service by publication in the *Boston Globe*, for three successive weeks the following notice:

Notice is hereby published and made that a Complaint has been filed by Paulette Cooper of New York City against Lafayette Ronald Hubbard, a. k. a. L. Ron Hubbard, and others in the United States District Court for the District of Massachusetts, Civil Docket No. 81–681–MC. The said Lafayette Ronald Hubbard is hereby directed pursuant to Federal Rules of Civil Procedure, to file an Answer or other responsive pleading to said Complaint on or before twenty (20) days following the third successive publication of this Notice.

4. Service by ordering the Church of Scientology of Boston, Inc. to send via its telex system the Notice set forth in Item 3 to all telex terminals of the Church of Scientology throughout the world, and to all telex terminals through which it may communicate with Lafayette Ronald Hubbard, a/k/a L. Ronald Hubbard.

5. The Church of Scientology of Boston shall send, pursuant to its Standing Order No. 1, a copy of the Summons and a copy of the Complaint in Civil Action 81–681–MC to Lafayette Ronald Hubbard, a/k/a L. Ronald Hubbard.

Non-dispositive pretrial orders of a magistrate are reviewable under the "clearly erroneous or contrary to law standard". 28 U.S.C. § 636(b)(1)(A); Rule 2(b) of Rules for the United States Magistrates for the District of Massachusetts. Since I find, as set forth hereinafter, that the order allowing substitute service is not clearly erroneous or contrary to law, that order must be affirmed.

In a federal diversity action, which this action purports to be, service of process is

---

1. The other objections of Church-Boston were disposed of in an order issued by this court on September 1, 1981.

accomplished according to the law of the state in which the federal district court sits. See Rule 4(e) F.R.C.P. The applicable state law in this case is the Massachusetts Long-Arm Statute, M.G.L. c. 223A. That statute provides in part:

§ 3. Transactions or conduct for personal jurisdiction

A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action in law or equity arising from the person's

(c) causing tortious injury by an act or omission in this commonwealth; .

§ 4. Service outside commonwealth

When the exercise of personal jurisdiction is authorized by this chapter, service may be made outside this commonwealth.

§ 6. Mode of service outside commonwealth; proof of service

(a) When the law of this commonwealth authorizes service outside this commonwealth, the service, when reasonably calculated to give actual notice, may be made:

(1) by personal delivery in the manner prescribed for service within this commonwealth;

(2) in the manner prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction;

(3) by any form of mail addressed to the person to be served and requiring a signed receipt;

(4) as directed by the foreign authority in response to a letter rogatory; or

(5) as directed by the court.

Accordingly, if personal jurisdiction over Hubbard is authorized by § 3, service may be made upon him by order of this court in any manner reasonably likely to provide notice of this suit to him. In this regard, two issues must be resolved: (1) Is personal jurisdiction over Hubbard authorized by M.G.L. c. 223A, § 3 and (2) Is the manner

of service provided in the July 31, 1981 order by the magistrate reasonably likely to provide to Hubbard notice of this suit?

Plaintiff's allegations regarding Hubbard sufficiently state claims of tortious acts committed by Church-Boston and others at the direction of Hubbard to allow this court to assert its jurisdiction over him and to permit service on him outside of Massachusetts.

I recognize that the burden of proving jurisdiction over a defendant rests with the plaintiff; however, at this point in the proceedings, in determining whether or not service can be made upon Hubbard outside of Massachusetts, I accept as true the allegations contained in the complaint and find them sufficient to permit the exercise of jurisdiction over Hubbard.

The second question, the efficacy of the substituted service in providing notice, is more difficult. I accept plaintiff counsel's representations regarding the practical impossibility of serving Hubbard by any of the manners usually employed in effecting service. There is conflict among the affidavits provided by both parties concerning the alleged service-dodging techniques employed by Hubbard and others on his behalf. I do not rely on those affidavits in reaching my determination to allow substituted service. For support for the conclusion that regularly employed methods of service of process would be ineffective here, I need only point to the efforts of Judge Krentzman, of the Middle District of Florida, to arrive at a means of serving the Hubbards in proceedings in that district. After extensive hearings on the issue, Judge Krentzman has decided[2] that constructive service may be made upon the Hubbards by service of process upon the Secretary of State of Florida.

The method of service ordered by Magistrate Princi does appear to be "reasonably calculated to give actual notice" to Hubbard. Again, I note the opposing con-

---

**2.** This information was provided by plaintiff's counsel in the form of an order issued by Judge Krentzman on January 8, 1982 in the case of *Burden v. Church of Scientology of California*, 526 F.Supp. 44. I have relied also on excerpts from a deposition taken before Judge Krentzman and provided to the court by plaintiff's counsel.

tentions concerning the likelihood of Hubbard's receiving the proposed service of process which are contained in the affidavits provided by both parties and propounded by counsel at the hearing on this matter. I find that procedures ordered by Magistrate Princi, while extraordinary, are reasonably likely to provide notice to Hubbard.

■ Church-Boston has objected to the order on a number of grounds. I find, however, that unless Church-Boston is acting as an authorized agent for Hubbard, it has no standing to object to those portions of the order which do *not* require action by Church-Boston. Church-Boston's argument that its interest in protecting its reputation which is derivatively impugned by the allegations of the plaintiff and that, therefore, it has standing to challenge the order is without merit. Such injury is merely speculative and cannot provide the defendant with standing to challenge the order. Whatever impact this case has on the reputations of Hubbard or Church-Boston will not be the result of the act of service of process but will be due to the charges brought by the plaintiff.

■ The arguments of Church-Boston that requiring it to perform service of process violates the First Amendment and would unduly burden Church-Boston lack merit.

The plaintiff has stated that she is willing to pay the cost of sending out the telex messages. Indeed, she says she will send the messages herself if she is provided with the telex addresses of the various Churches of Scientology. Since that is so, there is no burden placed on the Church by requiring it to send the messages or to provide plaintiff with the telex addresses.

The order of Magistrate Princi does not impinge upon the religious beliefs of the members of the Church of Scientology. There is no issue of religion whatsoever involved in the service of process in a civil case. Such service will not interfere with nor burden the relationship between the members of the Church and those who provide spiritual guidance. The order merely requires Church-Boston to send notice through channels established by the Church of Scientology to provide access to Hubbard. As such, the ordered mode of service does not constitute an infringement of any rights guaranteed by the First Amendment.

For the foregoing reasons, the order allowing substitute service on L. Ron Hubbard is affirmed in the form issued by Magistrate Princi. Additionally, plaintiff must bear the cost of the sending of telex messages to the Churches of Scientology throughout the world.