372 So.2d 449 (1979)
In re FLORIDA RULES OF JUDICIAL ADMINISTRATION.
No. 54525.
Supreme Court of Florida.
June 14, 1979.
PER CURIAM.
On June 30, 1978, the Court promulgated new Florida Rules of Judicial Administration[*] designed to update and consolidate a number of related provisions that had previously appeared throughout the Court's civil, criminal, appellate, and transition rules. These rules were made effective on July 1, 1978, subject to Court revision on the basis of comments submitted by any interested persons not later than December 31, 1978.
The Court has received and appreciates the many thoughtful suggestions filed by judges, lawyers, and judicial personnel throughout the state. We have reviewed each matter carefully, and many of the recommendations have been adopted and incorporated into the rules. In addition, minor technical and drafting changes have been made to enhance the clarity and internal consistency of these rules.
The appended Florida Rules of Judicial Administration, as revised, shall take effect at 12:01 a.m. on July 1, 1979. (For the purpose of identifying modifications, we have underscored language that has been added and used strike-throughs to indicate language that has been deleted. Mere capitalization and punctuation changes are not reflected.)
Upon these rules becoming effective, the following provisions of our other rules shall stand repealed or amended, as indicated:

A. FLORIDA RULES OF CIVIL PROCEDURE
1. Rule 1.020 is repealed in its entirety.
2. Rule 1.025 is repealed in its entirety.
3. Rule 1.030(a) is re-titled "NONVERIFICATION OF PLEADINGS" and amended to read as follows:
"Except when otherwise specifically provided by these rules or an applicable statute, every written pleading or other paper of a party represented by an attorney need not be verified or accompanied by an affidavit."
4. Rule 1.030(b) is repealed.
5. Rule 1.030(c) is repealed.
6. Rule 1.030(d) is repealed.
7. Rule 1.030(e) is repealed.
8. Rule 1.035 is repealed in its entirety.
9. Rule 1.310(b)(4) is amended to read as follows:
"(4) Upon motion, the court shall, subject to the provisions of Rule 1.280(c) and the guidelines provided by Fla. R. Jud. Admin. 2.070(d), order that the testimony at a deposition be recorded on videotape and may order that the testimony at a deposition be recorded by other than stenographic means at the initial cost of the movant. A party may also arrange for a stenographic transcription at his own initial expense."

B. FLORIDA RULES OF CRIMINAL PROCEDURE
1. Rule 3.025 is repealed in its entirety.
2. Rule 3.080 is re-titled "NONVERIFICATION OF PLEADINGS" and amended to read as follows:
"Except when otherwise specifically provided by these rules or an applicable statute, every written pleading or other paper of a party represented by an attorney need not be verified or accompanied by an affidavit."
3. Rule 3.090 is repealed in its entirety.
4. Rule 3.100 is repealed in its entirety.

C. FLORIDA RULES OF PROBATE AND GUARDIANSHIP PROCEDURE
1. Rule 5.030(a) is amended by deleting reference to "Fla. R. Civ. P. 1.030" and substituting "Fla. R. Jud. Admin. 2.060."

*450 D. FLORIDA RULES OF PRACTICE AND PROCEDURE FOR TRAFFIC COURTS
1. Rule 6.050 is repealed in its entirety.
2. Rule 6.060 is repealed in its entirety.
3. Rule 6.380 is re-titled "NONVERIFICATION OF PLEADINGS" and amended to read as follows:
"Except when otherwise specifically provided by these rules or an applicable statute, every written pleading or other paper of an alleged offender represented by an attorney need not be verified or accompanied by an affidavit."
4. Rule 6.390 is repealed in its entirety.

E. FLORIDA RULES OF SUMMARY PROCEDURE
1. Rule 7.030 is repealed in its entirety.
2. Rule 7.050(a)(2) is amended to read as follows:
"(2) PARTY NOT REPRESENTED BY ATTORNEY TO SIGN. A party, individual, or corporation, who or which has no attorney handling such cause, shall sign his or its statement of claim or other paper and state his or its address and telephone number, including area code. Provided, however, if the trial court in its discretion shall determine that the plaintiff is engaged in the business of collecting claims, and holds such claim being sued upon, by purchase, assignment, or management arrangement in the operation of such business, the court may require such corporation to provide counsel in the prosecution of the cause."

F. FLORIDA RULES OF JUVENILE PROCEDURE
1. Rule 8.020 is repealed in its entirety.

G. FLORIDA WORKMEN'S COMPENSATION RULES OF PROCEDURE
1. Rule 6 is amended to read as follows:
"The provisions of Fla. R. Jud. Admin. 2.060 relating to attorneys shall apply. Notice of appearance shall be filed by any successor or associated attorney, prior to or concurrently with the filing of any pleading or presentation of oral argument to or before a Judge or the Commission. An attorney who has filed a claim or has otherwise become an attorney of record for any party to a workmen's compensation cause shall remain attorney of record in said cause and shall not be permitted to withdraw from the cause unless he shall first file with the Judge a written motion for withdrawal setting forth the reasons therefor, serving a copy of said motion upon the movant's client and counsel for the adverse party, and shall then obtain from the Judge an order granting said motion for withdrawal. If an application for review is pending in the cause, the motion shall be filed with the Commission, which shall enter an appropriate order thereon."

H. FLORIDA RULES OF MEDICAL MEDIATION PROCEDURE
1. Rule 20.040 is re-titled "NONVERIFICATION OF PLEADINGS" and amended to read as follows:
"Except when otherwise specifically provided by these rules or an applicable statute, every written pleading or other paper of a party represented by an attorney need not be verified or accompanied by an affidavit."
2. Rule 20.180 is amended by deleting reference to "Rule 1.035, Florida Rules of Civil Procedure" and substituting "Fla. R. Jud. Admin. 2.070(e)."

I. FLORIDA TRANSITION RULES
1. Rules 1 through 19 and Rules 21 and 22 are repealed in their entirety.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.

*451 APPENDIX

 FLORIDA RULES OF JUDICIAL
 ADMINISTRATION
 INDEX
RULE PAGE
2.010 Effective Date and Scope ..................................... 451
2.020 Definitions .................................................. 451
2.030 The Supreme Court ............................................ 451
2.040 District Courts of Appeal .................................... 454
2.050 Trial Court Administration ................................... 456
2.060 Attorneys .................................................... 459
2.070 Court Reporting .............................................. 460
2.080 Uniform Case Reporting System for Trial Courts ............... 462
2.090 Electronic Filing of Matters in All Proceedings Within the
 State Courts System ........................................ 463
2.100 Statewide Grand Jury; Compilation of Lists; Excusal of
 Prospective Jurors ......................................... 463
2.110 Administration of Municipal Ordinance Violations ............. 464
2.120 Conference of County Court Judges ............................ 465
2.130 Supreme Court Rules Advisory Committee ....................... 465
RULE 2.010. EFFECTIVE DATE AND SCOPE
 These rules, cited as "Florida Rules of Judicial
Administration," and abbreviated as "Fla.R.Jud.Admin.," shall
take effect at 12:01 a.m. on July 1, 19789. They shall apply
to all of the court administrative matters in all courts to
which the rules are applicable by their terms. The rules shall be
construed to secure the speedy and inexpensive determination of
every proceeding to which they are applicable. These rules shall
supersede all conflicting rules and statutes.
RULE 2.020. DEFINITIONS
 The following terms have the meanings shown as used in these
rules:
 (a) COURT RULE: a rule of practice or procedure adopted to
facilitate the uniform conduct of litigation applicable to all
proceedings, all parties, and all attorneys.
 (b) LOCAL COURT RULE: a rule of practice or procedure for
circuit or county application only that, because of local
conditions, supplies an omission in or facilitates application of
a rule of statewide application and does not conflict therewith.
 (c) ADMINISTRATIVE ORDER: a directive necessary to properly
administer properly the court's affairs but shall not be
inconsistent with the constitution or with court rules and
administrative orders entered by the supreme court.
RULE 2.030. THE SUPREME COURT
 (a) INTERNAL GOVERNMENT.
 (1) Exercise of Powers and Jurisdiction. The supreme court
shall exercise its powers and jurisdiction en banc. Five justices
shall constitute a quorum but and the concurrence of four
shall be necessary to a decision. In cases requiring only a
panel of five, if four of the five justices who hear the
argument consider the case do not concur, it shall be
submitted to the other two justices.
 (2) Chief Justice.
 (A) The chief justice shall be chosen by majority vote of the
justices for a term commencing on the first day of July 1 of
even-numbered years. If a vacancy occurs, a successor shall be
chosen within thirty days for promptly to serve the balance
of the unexpired term. The Chief Justice shall be the
administrative officer of the Court and shall be responsible for
the dispatch of its business.
 (B) The chief justice shall have the following administrative
powers and duties:
 (i) He shall be the administrative officer of the
 court and shall be responsible for the dispatch of
 its business;
 (ii) He shall have the power to act on requests for
 stays during the pendency of proceedings, to order
 the consolidation of cases, to determine all
 procedural motions and petitions to file or extend
 relating to the time for filing and size of
 briefs and other papers provided for under the rules
 of this court, to advance or continue cases, and to
 rule on any other purely procedural matters
 relating to any proceeding or process in the court
 preparatory to a hearing or decision on the merits;
 (iii) He shall have the power to assign active or
 retired county, circuit, or appellate judges or
 justices to judicial service
*452 in this state, in accordance with subsections (a)(3)
 and (a)(4) of this rule; and
 (iv) He shall perform such other administrative
 duties as may be required and which are not otherwise
 provided for by law or rule.
 (C) The chief justice shall be notified by all justices of any
contemplated absences from the court and the reasons therefor.
 (D) If the chief justice dies, retires, or is unable to act
perform the duties of the office, the justice longest in
continuous service shall perform the duties during the
inability period of incapacity or until a successor chief
justice is elected.
 (3) Administration.
 (A) The chief justice may, either upon request or when
otherwise necessary for the prompt dispatch of business in the
courts of this state, temporarily assign justices of the supreme
court, judges of district courts of appeal, circuit judges, and
judges of county courts to any court of this state for which
they are qualified to serve. Any retired justice or judge may,
with his consent, be assigned to judicial service and shall
receive compensation as provided by law.
 (B) For the purpose of judicial administration, a "retired
judge" is defined as a judge not engaged in the practice of law
who has been a judicial officer of this state. The A retired
judge shall further comply with all other requirements that
the supreme court deems necessary relating to the recall of
retired judges.
 (C) When a judge who is eligible to draw retirement
compensation has entered the private practice of law or any
other nonjudicial activity subsequent to judicial service, the
judge may be eligible for recall to judicial service upon
cessation of the private practice of law and approval of the
judge's application to the court. The application shall state the
period of time the judge has not engaged in the practice of law,
and must be approved by the court before the judge shall be
eligible for recall to judicial service.
 (4) Assignments of Justices and Judges.
 (A) When any justice of the supreme court is unable to
perform the duties of his office, or when necessary for the
prompt dispatch of the business of the court, the chief justice
may call assign to the court any judge to the Court who is
qualified to serve for such time as the chief justice may
direct.
 (B) When a judge of any district court of appeal is unable to
perform the duties of his office, or when necessary for the
prompt dispatch of the business of the court, the chief judge
shall advise the chief justice of the inability and the chief
justice shall may assign a judge to the court any judge
who is qualified to serve, for such time or such proceedings
as the chief justice may direct.
 (C) When any circuit or county judge is unable to perform the
duties of his office, or when necessary for the prompt dispatch
of the business of the court, the chief judge of the circuit may
assign any judge in the circuit to temporary service for which
the judge is qualified, in accordance with rule 2.050. If the
chief judge deems it necessary, he shall advise may request
the chief justice, who may to assign a judge to the court for
such times or such proceedings as the chief justice may direct.
 (D) The Chief Justice may make assignments of justices or
judges when necessary for the prompt dispatch of business in the
courts of this state.
 (b) CLERK.
 (1) Appointment. The supreme court shall appoint a clerk who
shall hold office during at the pleasure of the court and
perform such duties as the court directs. His compensation shall
be fixed by law. The clerk shall have his office in the supreme
court building. He shall devote his time to the duties of the
office and shall not engage in the practice of law while he
continues in office.
 (2) Custody of Books, Records, Files, and Seal. All
books, papers, records, files, and the seal of the court shall
be kept in the office of the clerk and in his custody. The clerk
shall not allow any book, paper, record, or file to be taken
from his office or
*453 the courtroom, except by a justice of the court or upon the order
of the court.
 (3) Record of Proceedings. The clerk shall keep such records as
the court may from time to time order or direct. The clerk shall
keep a docket or equivalent electronic record of all cases that
are appealed brought for review to, or that originate in, the
court. Each case shall be docketed and numbered in the order
that the notice, of appeal or the petition, or other initial
pleading originating the cause is filed in the court.
 (4) Filing Fee. In all appeals and cases originating
filed in the court, the clerk shall require the payment of a
fee as provided by law when the notice, of appeal, petition, or
other initial pleading is filed. The payment shall not be exacted
in advance in criminal appeals in which the defendant a
party has been adjudicated insolvent for the purpose of an
appeal or in appeals in which the state is the real party in
interest as the moving party. The payment of the fee shall not be
required in habeas corpus proceedings, or appeals therefrom,
arising out of or in connection with criminal actions.
 (5) Issuance of Mandate; Recordation and Notification. The
clerk shall issue such mandates or process as may be directed by
the court. Upon the issuance of any mandate the clerk shall
record the issuance in a book or equivalent electronic record
kept for that purpose, in which he shall note the date of
issuance and the manner of transmittal of the process. In
proceedings when in which no mandate is issued, upon final
adjudication of the pending cause the clerk shall transmit to
the party affected thereby a copy of the court's order on or
judgment upon final adjudication of the pending cause. The
clerk shall notify the attorneys of record of the issuance of any
mandate or the rendition of any final judgment. The clerk shall
furnish without charge to all attorneys of record in any cause a
copy of any order or written opinion rendered in such action.
 (6) Return of Original Papers. Upon the conclusion of any
proceeding in the supreme court, the clerk shall return to the
clerk of the lower court the original papers or files transmitted
to the court for use in the cause.
 (c) LIBRARIAN.
 (1) Appointment. The supreme court shall appoint a librarian of
the supreme court and such assistants as may be necessary. The
supreme court library shall be in the custody of the librarian,
but under the exclusive control of the court. The library shall
be open to members of the bar of the supreme court, to members of
the legislature, to law officers of the executive or other
departments of the state, and to such other persons as may be
allowed to use the library by special permission of the court.
 (2) Library Hours. The library shall be open during such times
as the reasonable needs of the bar require and shall be governed
by regulations made by the librarian with the approval of the
court.
 (3) Books. Books shall not be removed from the library, except
for use by, the justices or upon order of, the Chief Justice
or any justice.
 (d) MARSHAL.
 (1) Appointment. The supreme court shall appoint a marshal who
shall hold office at the pleasure of the court and perform such
duties as the court directs. His compensation shall be fixed by
law.
 (2) Duties. The marshal shall have power to execute process of
the court throughout the state and such other powers as may be
conferred by law. in any county He may deputize the sheriff
or a deputy sheriff in any county for such purpose to
execute process of the court. He shall perform such clerical or
ministerial duties as the court may direct, or as required by
law. Subject to the direction of the court, the marshal shall be
custodian of the supreme court building and grounds.
 (e) STATE COURTS ADMINISTRATOR.
 (1) Appointment. The supreme court shall appoint a state courts
administrator
*454 who shall serve at the pleasure of the court and perform such
duties as the court directs. His compensation shall be fixed by
law.
 (2) Duties. The state courts administrator shall supervise the
administrative office of the Florida courts, that which
shall be maintained at such place as directed by the supreme
court. He shall employ such other personnel as the Supreme
court deems necessary to aid in the administration of the state
courts system. He shall represent the state courts system before
the legislature and other bodies with respect to matters
affecting the state courts system and functions related to and
serving the system. He shall supervise the preparation and
submission to the supreme court, for review and approval, of a
tentative budget request for the state courts system and shall
appear before the secretary of administration and the
legislature in accordance with the court's directions in support
of the final budget request on behalf of the system. He shall
assist in the preparation of educational and training materials
for the state courts system and related personnel, and he shall
coordinate or assist in the conduct of educational and training
sessions for such personnel. He shall assist all courts in the
development of improvements in the system, and submit to the
chief justice and the Supreme court appropriate recommendations
to improve the state courts system. He shall collect and compile
uniform financial and other statistical data or information
reflective of the cost, work loads, and business, of the state
courts system and other functions related to and serving the
state courts system.
 (f) OPEN SESSIONS. All sessions of the court shall be open to
the public, except proceedings designated as confidential by the
court and conference sessions held for the discussion and
consideration of pending cases, and for the formulation of
opinions by the court, and for the discussion or resolution of
other matters related to the administration of the state courts
system.
 (g) DESIGNATION OF ASSIGNED JUDGES. When any judge of another
court is assigned for temporary service on the supreme court, he
shall be designated, as author or participant, by his name and
initials followed by the words "Associate Justice."
RULE 2.040. DISTRICT COURTS OF APPEAL
 (a) INTERNAL GOVERNMENT.
 (1) Exercise of Powers and Jurisdiction. Three judges shall
constitute a panel for and shall consider each case, and the
concurrence of a majority of the panel shall be necessary to a
decision.
 (2) Chief Judge. The chief judge shall be chosen by the judges
of the court by for a term commencing on July 1 of each
odd-numbered year, and shall serve for a term of two years. In
the event of a vacancy, a successor shall be chosen within
thirty days for promptly to serve the balance of the unexpired
term. The chief judge shall be the administrative officer of the
court, and responsible for the dispatch of its business. He
shall have the power to order consolidation of cases and shall
assign cases to the judges for the preparation of opinions,
orders, or judgments. If the chief judge is unable to discharge
his duties, the judge longest in continuous service or, as
between judges with equal continuous service, the one having the
longest unexpired term and able to do so, shall perform the
duties of chief judge pending his return to duty. Judges shall
notify the chief judge of any contemplated absence from the court
and the reasons therefor.
 (b) CLERK.
 (1) Appointment. The court shall appoint a clerk who shall hold
office during at the pleasure of the court and perform such
duties as the court directs. His compensation shall be fixed by
law. The clerk shall have his office in the headquarters of the
court. He shall devote his time to the duties of the office and
shall not engage in the practice of law while he continues in
office. All books, papers, records, files, and the seal of the
court shall be kept in the office of the clerk and in his
custody. The
*455 clerk shall not allow any book, paper, record, or file to be
taken from his office or the courtroom, except by a judge of the
court or upon the order of the court.
 (2) Records of Proceedings. The clerk shall keep such records
as the court may from time to time order or direct. The clerk
shall keep a docket or equivalent electronic record of all
cases that are appealed brought for review to, or that
originate in, the court. Each case shall be docketed and
numbered in the order that the certified copy of the notice,
of appeal or the petition, suggestion or information other
initial pleading originating the proceeding is filed in the
court.
 (3) Filing Fee. In all appeals and cases originating
filed in the court, the clerk shall require the payment of a
fee as provided by law at the time the certified copy of the
notice, of appeal, petition, or other initial pleading is
filed. The payment shall not be exacted in advance in criminal
appeals in which the defendant a party has been adjudicated
insolvent for the purpose of an appeal or in appeals in which the
state is the real party in interest as the moving party. The
payment of the fee or any costs shall not be required in habeas
corpus proceedings, or appeals therefrom, arising out of or in
connection with criminal actions.
 (4) Issuance of Mandate; Recordation and Notification. Writing
Opinions. The clerk shall issue such mandates or process as may
be directed by the court. If the court directs that a mandate
record shall be maintained, then upon the issuance of any
mandate the clerk shall record the issuance in a book or
equivalent electronic record kept for that purpose, in which he
shall note the date of issuance and the manner of transmittal of
the process. In proceedings where in which no mandate is
issued, upon final adjudication of the pending cause the clerk
shall transmit to the party affected thereby a copy of the
court's order or judgment upon final adjudication of the pending
cause. The clerk shall notify the attorneys of record of the
issuance of any mandate or the rendition of any final judgment.
The clerk shall furnish without charge to all attorneys of record
in any cause a copy of any order or written opinion rendered in
such action.
 (5) Return of Original Papers. The clerk shall retain all
original papers, files, and exhibits transmitted to the court for
a period of not less than thirty days after rendition of the
opinion or order denying petition for rehearing, whichever is
later. If no petition for certiorari or appeal has been filed in
the supreme court for review of the court's decision within
thirty days, the clerk shall transmit to the clerk of the trial
court the original papers, files, and exhibits. If a petition for
certiorari or appeal has been filed in the supreme court to
review the court's decision, the original papers, files, and
exhibits shall be retained by the clerk until transmitted to the
supreme court or, if not so transmitted, until final disposition
by the supreme court and final disposition by the court pursuant
to the mandate issued by the supreme court.
 (c) MARSHAL.
 (1) Appointment. The court shall appoint a marshal who shall
hold office at the pleasure of the court and perform such duties
as the court directs. His compensation shall be fixed by law.
 (2) Duties. The marshal shall have power to execute process of
the court throughout the state district, and in any county
therein he may deputize the sheriff or a deputy sheriff for
such purpose. The marshal shall perform such clerical or
ministerial duties as the court may direct or as are required
by law. The marshal shall be custodian of the headquarters
occupied by the court, whether the headquarters is an entire
building or a part of a building.
 (d) OPEN SESSIONS. All sessions of the court shall be open to
the public, except conference sessions held for the discussion
and consideration of pending cases, and for the formulation
of opinions by the court, and for the discussion or resolution
of other matters related to the administration of the court.
*456 (e) DESIGNATION OF ASSIGNED JUDGES. When any justice or judge
of another court is assigned for temporary service on the a
district court of appeal, he shall be designated, as author or
participant, by his name and initials followed by the words
"Associate Judge."
RULE 2.050. TRIAL COURT ADMINISTRATION
 (a) PURPOSE. The purpose of this rule is to fix administrative
responsibility in the chief judges of the circuit courts and
the other judges that he may designate. and to secure the speedy
and efficient administration of the court's business including
prompt disposition of cases, assignment of judges and other court
officers, control of dockets, regulation of the use of
courtrooms, and mandatory periodic review of the status of
inmates of the county jail. When these rules refer to the court,
they shall be construed to apply to a judge of it the court
when the context requires or permits.
 (b) CHIEF JUDGE.
 (1) The chief judge shall be a circuit judge who possesses
administrative ability.
 (2) The chief judge shall exercise administrative supervision
over all courts within the judicial circuit in the exercise of
judicial powers and over the judges and officers of the courts.
and He shall be responsible to the chief justice of the
supreme court. The chief judge may enter administrative orders
over his signature, except as provided otherwise provided by
this rule.
 (3) The chief judge shall be the chief judicial officer of the
circuit and shall maintain liaison in all judicial administrative
matters with the chief justice of the supreme court. He shall
develop an administrative plan for the efficient and proper
administration of all courts within his circuit. and submit them
to the Chief Justice. The plan shall include an administrative
organization capable of effecting the prompt disposition of
cases; assignment of judges, and other court officers,
including and executive assistants; control of dockets;
regulation and use of courtrooms; and mandatory periodic review
of the status of the inmates of the county jail. The plan shall
be compatible with the development of the capabilities of the
judges in such a manner that each judge will be qualified to
serve in any division, thereby creating a judicial pool from
which judges may be assigned to various courts throughout the
state. The administrative plan shall include a consideration of
the statistical data developed by the case reporting system.
Questions concerning the administration or management of the
courts of the circuit shall be directed to the chief justice of
the supreme court through the state courts administrator.
 (4) The chief judge shall assign judges to the courts and
divisions, and shall determine the length of each assignment. All
judges shall inform the chief judge of any contemplated absences
that will affect the progress of the court's business. If a judge
is temporarily absent, is disqualified in an action, or is unable
to perform his duties, the chief judge or his designee may assign
a proceeding pending before the judge to any other judge or any
additional assigned judge of the same court. The chief judge may
assign any judge to temporary service for which the judge is
qualified in any court in the same circuit. If it appears to the
chief judge that the speedy, efficient, and proper administration
of justice so requires, he shall request the chief justice of the
supreme court to temporarily assign temporarily an additional
judge or judges from outside the circuit to duty in the court
requiring assistance, and He shall advise the chief justice
whether or not he has the approval of the chief judge of the
circuit from which the assignment is to be made. The assigned
judges shall be subject to administrative supervision of the
chief judge for all purposes of this rule. Nothing in this rule
shall restrict the constitutional powers of the chief justice of
the supreme court to make such assignments as he shall deem
appropriate.
 (5) The chief judge may designate a judge in any court or court
division of circuit
*457 or county courts as "Administrative Judge" of any court or
division to assist with the administrative supervision of the
court or division. The designee shall be responsible to the chief
judge, shall have the power and duty to carry out the
responsibilities assigned to him by the chief judge, and shall
serve at the pleasure of the chief judge.
 (6) The chief judge may require the attendance of prosecutors,
public defenders, clerks, bailiffs, and other officers of the
courts, and may require from the clerks of the courts, sheriffs,
or other officers of the courts periodic reports that he deems
necessary.
 (7) The chief judge shall regulate the use of courtrooms,
regularly examine the dockets of the courts under his
administrative supervision, and require a report on the status of
the actions on the dockets. and He may take such action as
may be necessary to cause the dockets to be made current.
 (8) The chief judge or his designee shall regularly examine the
status of every inmate of the county jail.
 (9) The chief judge may authorize the clerks of courts to
maintain branch county court facilities. When so authorized,
clerks of court shall be permitted to retain in such branch court
facilities all county court permanent records of pending or
undisposed of cases, and may retain and destroy these records in
the manner provided by law.
 (c) SELECTION. The chief judge shall be chosen by a majority of
the circuit and county court judges within the circuit, or if
there is no majority, by the chief justice, for a term of two
years. A chief judge may be removed as chief judge by the supreme
court, sitting acting as the administrative supervisory body of
all courts. The purpose of this rule is to fix a two-year cycle
for the selection of the chief judge in each circuit. A chief
judge may serve for successive terms. If a chief judge is to be
temporarily absent, he shall select an acting chief judge from
among the circuit judges. If a chief judge dies, retires, fails
to appoint an acting chief judge during an absence, or is unable
to perform his duties, the chief justice of the supreme court
shall appoint a circuit judge to act as chief judge during the
absence or disability, or until a successor chief judge is
elected to serve the unexpired term. When the office of chief
judge is temporarily vacant pending action within the scope of
this paragraph, the duties of court administration shall be
performed by the circuit judge having the longest continuous
service as a judge or by another circuit judge designated by him.
 (d) EXECUTIVE ASSISTANT. An executive assistant may be selected
by a majority of the circuit judges and shall perform such duties
as the chief judge may direct.
 (e) LOCAL RULES AND ADMINISTRATIVE ORDERS.
 (1) Local court rules as defined in rule 2.020 may be proposed
by a majority of the circuit and county judges in the circuit.
The judges shall notify any the local bar association or
associations within the circuit of the proposal, and may permit
the associations after which they shall permit a representative
of the local bar, and may permit any other interested person, to
be heard orally or in writing on the proposal before submitting
it to the supreme court for approval. When a proposed local rule
is submitted to the supreme court for approval, the following
procedure shall apply:
 (A) Local court rule proposals shall be submitted to the
supreme court in January of each year. The supreme court may
authorize accept emergency proposals for submission
submitted at other times.
 (B) Within five days subsequent to February 1 Not later than
February 15 of each year, the clerk of the supreme court shall
submit all local court rule proposals to the Supreme Court Rules
Advisory Committee provided for in created by rule
12.130. At the same time, the clerk of the supreme court
shall send copies of the proposed rules to the appropriate
committees of The Florida Bar. and to any local bar
associations in the circuit from which the proposal is
submitted. The Florida Bar committees, and
*458 any interested local bar associations, and any other
interested person shall submit any comments or responses that
they wish to make to the Supreme Court Rules Advisory Committee
on or before March 15 of the year. Any member of the Bar or other
interested person may submit comments within the same time
period.
 (C) The Supreme Court Rules Advisory Committee shall meet on or
before March April 15 to consider the proposals and any
comments made about same submitted by interested parties. The
committee shall transmit its recommendations to the supreme court
concerning each proposal, with the reasons for its
recommendations, within 15 fifteen days after its meeting.
 (D) The supreme court shall consider the recommendations of the
committee and If the Supreme Court decides to make any changes
in the proposed rules as recommended, it may resubmit the
proposals as changed with modifications to the committee for
editorial comment only. The supreme court may set a hearing on
the any proposals, or consider them on the recommendations
and comments as submitted. If a hearing is set, notice shall be
given to the chief judge of the circuit from which the proposals
emanated originated, the executive director of The Florida
Bar, the chairman of the Florida Court Rules Committee of The
Florida Bar, any local bar associations, and any interested
persons who made comments on the specific proposals to be
considered. The supreme court shall act on the proposals within
30 days promptly after the recommendations are received or,
if a hearing is set, within 30 days after the hearing heard.
 (E) If a local court rule is approved by the supreme court, it
shall become effective on the date set by the court. not less
than 20 days from the date of approval by the Supreme Court.
 (F) A copy of all local court rules approved by the supreme
court shall be recorded by the clerk of the circuit court in each
county of the circuit where the rules are effective. A set of the
recorded copies shall be available for inspection as a public
record. The chief judge of the circuit may provide for the
publication of the rules. The clerk of the supreme court shall
furnish copies of each approved local court rule to the executive
director of The Florida Bar, and upon request to any law book
publisher. requesting same.
 (2) If any judge or member of The Florida Bar believes that an
administrative order promulgated under subsection (b)(2) of this
rule is a court rule or a local rule as defined in rule 2.020,
rather than an administrative order, he may apply to the Supreme
Court Rules Advisory Committee for a decision on the question.
The decisions of the committee concerning the determination of
the question shall be made reported to the supreme court,
and and the Supreme court shall follow the procedure set
forth in subsection (D) of subsection (1) above in
considering the recommendation of the committee.
 (3) All local rules previously approved by the Supreme
Court shall remain in effect until January 1, 1979. Prior to July
1, 1978, the chief judge of each circuit shall review the local
rules approved for the circuit and shall divide them into
administrative orders and local court rules. All local court
rules shall be submitted to the Supreme Court by August 1, 1978,
for review in accordance with the procedure under subsection (1)
of this rule within time limits to be established by an order of
the Supreme Court. All administrative orders of a general and
continuing nature shall be submitted at the same time. The
Supreme Court Rules Advisory Committee shall make recommendations
to the Supreme Court concerning whether each administrative order
falls within the definition of a local court rule as defined in
Rule 2.020. The Supreme Court shall consider the recommendations
of the committee in the same manner that it considers the
recommendations of the committee in connection with local court
rule proposals on a time schedule to be set by the Supreme Court.
All local rules previously approved by the Supreme Court shall
cease to be effective on December 31, 1978, unless reapproved in
accordance with this subsection.
*459 (4) (3) All administrative orders of a general and
continuing nature, and all others designated by the chief judge,
shall be indexed and recorded by the clerk of the circuit court
in each county where the orders are effective.
 (5) (4) All local court rules entered pursuant to this
section shall be numbered sequentially for each respective
judicial circuit.
 (f) DUTY TO RULE WITHIN A REASONABLE TIME. Every judge has a
duty to rule upon and announce his order or judgment on every
matter submitted to him within a reasonable time. Each judge
shall maintain a log of cases under advisement and inform the
chief judge of his circuit at the end of each calendar month of
each case that he has held under advisement for more than sixty
days.
 (g) NEGLECT OF DUTY. The failure of any judge, clerk,
prosecutor, public defender, attorney, court reporter, or other
officer of the court to comply with an order or directive of the
chief judge shall be considered neglect of duty and shall be
reported to the chief justice of the supreme court. The chief
justice may report the neglect of duty of by a judge to the
Judicial Qualifications Commission, and neglect of duty by other
officials to the Governor of Florida or other appropriate person
or body.
RULE 2.060. ATTORNEYS
 (a) LOCAL ATTORNEYS. All persons in good standing as a
members of The Florida Bar shall be permitted to practice in
Florida.
 (b) FOREIGN ATTORNEYS. Upon motion filed with a court showing
that an attorney is a member in good standing of the bar of
another state, and that, under the rules of comity of the other
state a member of The Florida Bar is permitted to appear in that
state, subject to compliance with the requirements of
subsection (d), attorneys of other states may be permitted to
appear in particular cases in a Florida court. A request for an
appearance shall be submitted before oral arguments in an
appellate court proceeding and before trial in a trial court.
Attorneys of other states shall not do a general practice unless
they are members of The Florida Bar in good standing.
 (c) CLERKS AND SECRETARIES NOT TO PRACTICE. No one serving as a
research aide or secretary to a justice or judge of any court
shall practice as an attorney in any court or before any agency
of government while continuing in that position, nor shall he
participate in any manner in any proceeding that was docketed in
the court when he had the position during the term of service
or prior thereto.
 (d) PLEADINGS TO BE SIGNED. Every pleading and other paper of a
party represented by an attorney shall be signed by at least one
attorney of record in his individual name whose address and
telephone number, including area code, shall be stated, and who
shall be duly licensed to practice law in Florida or who shall
have received permission to appear in the particular case as
provided in subsection (b). He may be required by the court to
give the address of, and to vouch for his authority to
represent, and to give the address of the party. Except when
otherwise specifically provided by an applicable rule or an
applicable statute, pleadings need not be verified or
accompanied by affidavit. The signature of an attorney shall
constitute a certificate by him that he has read the pleading or
other paper; that to the best of his knowledge, information, and
belief there is good ground to support it; and that it is not
interposed for delay. If a pleading is not signed or is signed
with intent to defeat the purpose of this rule, it may be
stricken and the action may proceed as though the pleading or
other paper had not been served.
 (e) PARTY NOT REPRESENTED BY ATTORNEY TO SIGN. A party who
has no attorney but represents himself shall sign his pleading
or other paper and state his address and telephone number,
including area code.
 (f) ATTORNEY NOT TO BE SURETY. No attorney or other officer of
court shall enter himself or be taken as bail or surety in any
proceeding in court.
*460 (g) STIPULATIONS. No private agreement or consent between
parties or their attorneys concerning the practice or procedure
in an action shall be of any force unless the evidence of it is
in writing, subscribed by the party or his attorney against whom
it is alleged. Parole agreements may be made before the court if
promptly made a part of the record or incorporated in the
stenographic notes of the proceedings, and agreements made at
depositions that are incorporated in the transcript need not be
signed when signing of the deposition is waived. This rule shall
not apply to settlements agreements or other substantive
agreements.
 (h) SUBSTITUTION OF ATTORNEYS. Attorneys for a party may be
substituted at any time by order of court. No substitute attorney
shall be permitted to appear in the absence of an order. The
court may condition substitution upon payment of or security for
the substituted attorney's fee and expenses, or upon such other
terms as may be just.
 (i) WITHDRAWAL OF ATTORNEY. An attorney shall not be permitted
to withdraw from an action unless the withdrawal is approved by
the court. The attorney may file a motion for that purpose
stating the reasons for withdrawal and the client's address. A
copy of the motion shall be served on the client and adverse
parties.
 (j) ADDITION OF ATTORNEYS. After a proceeding has been filed in
a court, additional attorneys may appear without securing
permission of the court.
 (k) LAW STUDENT PARTICIPATION. Eligible law students shall be
permitted to participate as provided under the conditions of
article 18 of the Integration Rule of The Florida Bar as amended
from time to time.
 (l) ATTORNEY AS AGENT OF CLIENT. In all matters concerning
the prosecution or defense of any proceeding in the court, the
attorney of record shall be the agent of the client and any
notice by or to the attorney or act by the attorney in the
proceeding shall be accepted as the act of or notice to the
client.
RULE 2.070. COURT REPORTING
 (a) WHEN REPORTING REQUIRED. All criminal and juvenile
proceedings, and any other judicial proceedings required by law
or court rule to be reported at public expense, shall be
reported. Any proceeding shall be reported on the request of any
party. The party so requesting shall pay the reporting fees, but
this requirement shall not preclude the taxation of costs as
authorized by law. Grand jury proceedings, upon order of the
chief judge of the circuit, shall be reported; however, no
transcription may be made without unless required by an order
of a court of competent jurisdiction. requiring said
transcription.
 (b) RECORD. When trial proceedings are being reported, no part
of the proceedings shall be omitted unless all of the parties
agree to do so and the court approves the agreement. When a
deposition is being reported, no part of the proceedings shall be
omitted unless all of the parties and the witness so agree. When
a party or a witness seeks to terminate or suspend the taking of
a deposition for the time necessary to seek a court order, the
court reporter shall discontinue reporting the testimony of the
witness.
 (c) ELECTRONIC REPORTING.
 (1) When the chief judge deems it appropriate or necessary, he
may authorize by administrative order authorize the use of
electronic reporting for any judicial proceedings, including
depositions, required to be reported. Appropriate procedures
shall be prescribed in the order which shall:
 (A) Set forth responsibilities for the court's support
personnel to ensure a reliable record of the proceedings;
 (B) Provide a means to have the recording transcribed, either
in whole or in part, when necessary for an appeal or for further
use in the trial court; and
 (C) Provide for the safekeeping of such recordings.
The order shall be uniform in and for all courts throughout the
territorial jurisdiction
*461 of the judicial circuit and shall be recorded.
 (2) The presiding judge in a specific case, however, may
require a stenographic reporter, if available, or either party
may request or provide and pay for the cost of a qualified
stenographic reporter. The presiding judge shall determine the
qualifications of a stenographic reporter who is not an official
or deputy court reporter. When accepted by the court, such court
reporter shall be subject to the orders of the court and
directions to transcribe the record from all parties.
 (d) VIDEO TAPE AND NON-STENOGRAPHIC DEPOSITIONS. The judges of
the circuit by majority vote may adopt a standard an
administrative order governing the use of video tape depositions
and authorizing that the testimony at a deposition be recorded by
other than stenographic means for use in any court proceedings.
The order shall designate the manner of recording, preserving,
and filing of depositions, and may include other provisions to
assure that the recorded testimony will be accurate and
trustworthy. The order shall, subject to the provisions of rule
1.280(c) of the Florida Rules of Civil Procedure, be
automatically applicable upon the giving of notice of taking any
video tape or non-stenographic deposition, but may be modified by
the presiding judge upon the application of any party. The order
shall be uniform in and for all courts throughout the territorial
jurisdiction of the judicial circuit and shall be recorded.
 (e) FEES. The judges of a circuit court by majority vote may
set the maximum fees for court proceedings and depositions to
be charged by court reporters by administrative order. The order
shall be uniform in and for all courts throughout the territorial
jurisdiction of the judicial circuit and shall be recorded. In
the absence of an order, the fees for court proceedings and
depositions to be charged by court reporters shall be as provided
by law.
 (f) TRANSCRIPTS. Transcripts of all judicial proceedings,
including depositions, shall be uniform in and for all courts
throughout the state. The form size, spacing, and method of
typing transcripts are as follows:
 (1) All proceedings shall be typed or printed on paper 8 1/2
inches by 11 inches in size, prepared for binding at the top or
on the left side margin.
 (2) All margins, measured from the edge of the paper, shall be
no more than one inch from the top, no more than 1 1/8 inches at
the left side and 3/8 inch at the right side for type or print of
nine characters to the inch, and no more than 1 3/4 inches at the
left side and 1/2 inch at the right side for type or print of ten
characters to the inch.
 (3) There shall be no fewer than 25 typed or printed lines per
page and all typing or printing shall be double spaced, with all
lines numbered 1 through 25, respectively, and with no more than
a double space between paragraphs.
 (4) Type size or print shall be pica or comparable type or
print of no fewer than nine or ten characters to the inch.
 (5) Colloquy material shall begin on the same line following
the identification of the speaker, with no more than two spaces
between the identification of the speaker and the commencement of
the colloquy. The identification of the speaker in colloquy shall
begin no more than ten spaces from the left margin, and
carry-over colloquy shall be indented no more than five spaces
from the left margin.
 (6) Each question and answer shall begin on a separate line no
more than five spaces from the left-hand margin with no more
than five spaces from the "Q" or "A" to the text. Carry-over
question and answer lines shall be brought to the left-hand
margin.
 (7) Quoted material shall begin no more than ten spaces from
the left-hand margin with carry-over lines beginning no more
than ten spaces from the left-hand margin.
 (8) Indentations of no more than ten spaces may be utilized for
paragraphs, and all spaces on a line as herein provided shall be
utilized unless the testimony of the speaker ends short of
marginal requirements.
*462 (9) One-line parentheticals may begin at any indentation.
Parentheticals exceeding one line shall begin no more than ten
spaces from the left-hand margin, with carry-over lines being
returned to the left-hand margin.
 (10) Individual volumes of a transcript, including depositions,
shall be no more than 200 pages in length, inclusive of the
index.
 (11) Deviation from these standards shall not constitute
grounds for limiting use of transcripts in the trial or appellate
courts.
 (g) COMPENSATION. Each official court reporter shall on a
monthly basis certify to the chief judge of the circuit to which
he is appointed the number of hours service of the reporter and
his or her approved deputies in criminal and juvenile
proceedings, excluding depositions, in circuit and county courts.
Upon approval by the chief judge, such certification shall be
submitted by the chief judge or his designee to the state courts
administrator no later than the tenth day of the following month.
 (1) Each official circuit court reporter shall serve a maximum
of sixty hours per month for which compensation by the State of
Florida will be as provided by law.
 (2) Minimum credit toward this sixty hours of two and one-half
hours each day shall be given for first appearance in any court
before the lunch recess and a minimum credit of two and one-half
hours shall be given for first appearance after that recess. An
hour-for-hour credit will be given for actual time spent in court
exceeding five hours per day. The minimum credit formula shall
apply on a daily basis throughout the entire reporting month,
regardless of whether or not the total hours accumulated exceed
sixty.
 (3) Any number of hours accumulated in addition to sixty by the
formula set forth above shall be compensated at the rate of $10
ten dollars per hour.
 (4) Each official circuit court reporter may accumulate credit
for the services of any of his or her officially approved
deputies in the same manner as if he or she had performed these
services personally.
 (5) Each official circuit court reporter shall make his or her
certification to the chief judge of the circuit on forms provided
by the state courts administrator. The forms shall be uniform in
and for all judicial circuits throughout the state.
 (h) REPORTER AS OFFICER OF COURT. A court reporter, whether an
official court reporter or deputy court reporter, is an officer
of the court for all purposes while acting as a reporter in a
judicial proceeding. He or she shall comply with all rules and
statutes governing the proceeding that are applicable to court
reporters.
RULE 2.080. UNIFORM CASE REPORTING SYSTEM FOR TRIAL COURTS
 (a) REPORTING. The clerk of the circuit court shall report the
activity of all cases before all courts within his jurisdiction
to the supreme court in the manner and on the forms established
by the office of the state courts administrator and approved by
order of the court. In those jurisdictions where separate offices
of the clerk of the circuit court and clerk of the county court
have been established by law, the clerk of the circuit court
shall report the activity of all cases before the circuit court,
and the clerk of the county court shall report the activity of
all cases before the county court.
 (b) UNIFORM CASE NUMBERING SYSTEM
 (1) The clerk of the circuit court and the clerk of the county
court, where that separate office exists, shall utilize the
Uniform Case Numbering System. The uniform case number shall
appear upon the case file, the docket and minute books (or their
electronic equivalent), and upon the complaint.
 (2) The office of the state courts administrator shall
distribute to the respective clerks of the circuit and county
courts appropriate instructions regarding the nature
*463 and use of the Uniform Case Numbering System.
 (c) MAJOR STATUTORY OFFENSE. Law enforcement officers, at the
time of the filing of a complaint with the clerk of court, shall
designate whether the most serious charge on the complaint is a
felony or a misdemeanor. The state attorney or his designee, at
the time of the filing of an original information or an original
indictment with the clerk of court, shall designate whether the
most serious offense on the information or the indictment is a
felony or misdemeanor. Complaints, original informations, and
original indictments on which the most serious charge is a felony
shall be filed with the clerk of the circuit court.
 (d) ORDINANCE VIOLATIONS. In those cases when the state
attorney has the responsibility for the prosecution of county or
municipal ordinance violations, where such ordinances have state
statutory equivalents, the state attorney or his designateee
shall set forth at the top of the face of the accusatory
instrument the exact statute number of the single most serious
offense charged.
 (e) INFORMATION OR INDICTMENT AFTER COUNTY COURT PROCEEDINGS
BEGUN. When action in a criminal case has been initiated in
county court, and subsequently the state attorney files a direct
information or the grand jury indicts the defendant, the state
attorney or his designee shall notify the clerk without delay.
RULE 2.090. ELECTRONIC FILING OF MATTERS IN ALL PROCEEDINGS
 WITHIN THE STATE COURTS SYSTEM
 Any document may be filed with any court by an electronic
copying device. The place of filing shall be deemed to be the
place where the transmission is received. The document made at
the receiving station shall be deemed the original filing and
shall be so marked. The receiving party shall sign the document
as having been received and filed by him. The original document
shall thereafter be transmitted to the appropriate court. The
sending party, if an official of the Florida state courts system,
shall collect from the party wishing to file electronically two
dollars for the first page of any transmission and one dollar for
each page thereafter, plus any long distance telephone charges.
The money shall be posted to the Judicial Administrative
Commission or to the agency specified by law on a monthly basis
to help defray the cost of renting or purchasing the transmission
equipment. Any official of the Florida state courts system who
believes there is justification in his office for use of
transmitting equipment shall submit a letter of justification
through the clerk and the chief judge of the appropriate court
with which he is primarily dealing to the supreme court. The
supreme court shall approve or disapprove the use. Upon
designation by the appropriate clerk of court and approval of the
supreme court, the official may accept documents for electronic
transmission and filing. This rule is not intended to preclude
the transmission by privately leased electronic devices to
approved offices.
RULE 2.100. STATEWIDE GRAND JURY; COMPILATION OF LISTS; EXCUSAL
 OF PROSPECTIVE JURORS
 (a) PROCEDURE. The chief judge of each judicial circuit shall
cause a list of those persons whose names have been drawn and
certified for jury duty in each of the counties within his
circuit to be compiled. The lists shall be taken from the male
and female population over the age of eighteen years and having
the other constitutional and statutory qualifications for jury
duty in this state not later than the last day of the first week
of December of each year. From the lists so compiled, the chief
judge shall cause to be selected, by lot
*464 and at random, and by any authorized method including mechanical,
electronic, or electrical device, a list of prospective grand
jurors from each county whose number shall be determined on the
basis of three jurors for each 3,000 residents or a fraction
thereof in each county. The lists from which the names are drawn
may be, but are not required to be, the same lists from which
petit and grand juries are drawn in each county and circuit.
After compilation, the statewide grand jury lists shall be
submitted to the state courts administrator not later than the
fifteenth day of February 15 of each year.
 (b) POPULATION. For the purposes of this rule, the population
of each county shall be in accordance with the latest United
States Decennial Census as set forth in the Florida Statutes.
 (c) EXCUSES.
 (1) The judge appointed to preside over the statewide grand
jury may issue an order appointing the chief judge of the
judicial circuit where a prospective grand juror resides to make
a determination about determine whether service on the
statewide grand jury will result in an unreasonable personal or
financial hardship because of the location or projected length of
the grand jury investigation.
 (2) The chief judge of the circuit shall determine whether a
prospective grand juror fails to meet the qualifications of a
juror in the county where the person resides. The determination
shall be made only for those prospective grand jurors who contact
the chief judge and claim request disqualification.
 (3) The chief judge of the circuit shall excuse any prospective
grand juror who requests and is qualified for exemption from
grand jury service under Chapters 905 or 906, Florida Statutes,
pursuant to general law, or from service as a juror in the
county where the person resides. The chief judge shall inform the
judge appointed to preside over the statewide grand jury without
delay of any determination.
RULE 2.110. ADMINISTRATION OF MUNICIPAL ORDINANCE VIOLATIONS
 (a) REFERENCES TO ABOLISHED MUNICIPAL COURTS. All references
to a municipal court or municipal judge in the rules
promulgated by the supreme court, in the Florida Statutes, and
in any municipal ordinance, all references to municipal court or
municipal judge shall be deemed to refer, respectively, to the
county court or county court judge.
 (b) COSTS IN COUNTY COURTS. When any violations of municipal
ordinances are prosecuted in county court, The chief judge of a
circuit shall by administrative order establish a schedule of
costs, in conformity with any provisions of law, to be assessed
against a defendant in the county court and paid to the county
for violations of municipal ordinances which are prosecuted in
county court. The costs shall be assessed as a set dollar amount
per conviction, not to exceed fifty dollars ($50), including
any other statutory costs.
 (c) COLLECTION OF OUTSTANDING FINES. All cases for which
outstanding fines, civil penalties, and costs are being collected
by a municipality shall be retained by the municipality until
collected or until the offender defaults on payment. If a default
occurs, the municipality may institute summary claims proceedings
to collect the outstanding fines.
 (d) JUDICIAL NOTICE OF MUNICIPAL ORDINANCES. The judges of the
county courts may take judicial notice of any of the
municipality's ordinances if a certified copy of the
municipal ordinance has been filed in the office of the clerk
of circuit court or, in those counties having a clerk of the
county court, filed in the latter office, and if a certified copy
of the ordinance is presented to the court.
 (e) STYLE OF MUNICIPAL ORDINANCE CASES. All prosecutions for
violations
*465 of municipal ordinances in county court shall have the following
style: City of ____ v. ____.
Rule 2.120. CONFERENCE OF COUNTY COURT JUDGES
 (a) CREATION. There shall be a "Conference of County Court
Judges of Florida," that shall consisting of the duly
commissioned county court judges of the State of Florida.
 (b) PURPOSE. The purpose of the conference shall be:
 (1) The betterment of the judicial system of the state and its
parts;
 (2) The improvement of procedure and practice in the several
courts; and
 (3) To conduct conferences and institutes to provide for
continuing judicial education and to provide forums in which
the county court judges of Florida may meet and discuss the
mutual problems and solutions.
 (c) OFFICERS. Management of the conference shall be vested in
the officers of the conference, an executive committee, and a
board of directors.
 (1) The officers of the conference shall be:
 (A) President, president-elect, immediate past president,
secretary, and treasurer, who shall be elected at large, and
 (B) One vice-president elected from each appellate court
district.
 (2) The executive committee shall consist of the officers of
the conference and an executive secretary.
 (3) The board of directors shall consist of the executive
committee and a member elected from each judicial circuit.
 (4) There shall be an annual meeting of the conference.
 (5) Between annual meetings of the conference, the affairs of
the conference shall be managed by the executive committee.
 (d) AUTHORITY. The conference may adopt a constitution and
by-laws, the provisions of which shall not be inconsistent with
this rule.
RULE 2.130. SUPREME COURT RULES ADVISORY COMMITTEE
 There is hereby created an advisory committee on rules
consisting of the following persons to be appointed by the chief
justice of the supreme court to serve for a period of two years:
one justice of the supreme court, one judge of each district
court of appeal, one or more circuit judges, one county court
judge, and three members of The Florida Bar. This committee
shall conduct a continuous study of all rules of procedure
adopted by the court pursuant to article V of the Florida
Constitution, and shall make such recommendations to the supreme
court concerning the same rules, and all proposed amendments
or additions thereto, as are deemed advisable.

NOTES
[*] In re Florida Rules of Judicial Administration, 360 So.2d 1076 (Fla. 1978).