397 So.2d 1039 (1981)
COMPASS ENTERPRISES, INC., Appellant,
v.
Alfred H. EARLS and Rose A. Earls, His Wife, Appellees.
No. 80-29.
District Court of Appeal of Florida, Fifth District.
May 13, 1981.
Kenneth D. Morse of Matthias & Matthias, P.A., Orlando, for appellant.
Richard H. Langley, Clermont, for appellees.
COWART, Judge.
Appellees gave appellant a note and mortgage to evidence and secure certain indebtedness. Later, appellees executed and delivered to appellant a deed to the same property contained in the mortgage. Still later, when appellees learned that the deed had been recorded, suit was filed to have the court declare that the deed was a security device and that appellees had a right of redemption. Appellant answered admitting the execution of the note, mortgage and deed, but denying that the deed was executed for security and also counterclaiming for foreclosure of the mortgage. On the day for non-jury trial, counsel for the parties met in an informal pre-trial conference with the trial judge and stipulated as to the controverted and uncontroverted evidentiary facts. The trial court thereupon advised trial counsel that they had the right to go forward with evidence but that he could rule on the stipulated *1040 facts that the deed was a mortgage, that appellees were in default, and that appellant was entitled to foreclosure. Counsel accepted the court's ruling and stipulated as to the sums involved; thereupon the trial judge entered final judgment of foreclosure without taking evidence. Appellant discharged its trial counsel and appealed, arguing that the trial court abused its discretion by declaring the deed to be a mortgage without a motion and without an evidentiary hearing. We affirm.
Appellant argues that the stipulation of counsel on November 27, 1979, was not in writing and subscribed by the parties or attorneys as required by Florida Rule of Civil Procedure 1.030(d). That rule was repealed June 14, 1979, effective July 1, 1979, In re Fla. Rules of Judicial Administration, 372 So.2d 449 (Fla. 1979), and, in any event, did not relate to stipulations of counsel made before the court. Although Florida Rule of Civil Procedure 1.200 contemplates a formal pre-trial conference after notice and followed by a formal written order, in actual practice it is common for counsel and the trial court to confer immediately before trial, especially in non-jury trial cases, to narrow the issues upon which evidence need be taken. The trial court is justified in accepting and relying upon the admissions and agreements of counsel at such conferences and letting them control the subsequent course of the proceedings. If it appears from such conference that there is no issue as to any material ultimate fact and that only a question of law is presented as to the effect of the admitted, agreed or stipulated facts, then the court and counsel need not perform the useless act of calling witnesses and the court may forthwith without motion rule on any points of law and proceed to dispose of the matter without the taking of evidence, especially when, as here, the court does not deny either counsel the opportunity to present evidence and proceeds without objection by them.
The final judgment of foreclosure is
AFFIRMED.
ORFINGER and COBB, JJ., concur.