BOARDMAN, Acting Chief Judge.
Leo Willick (the husband) appeals portions of the final judgment of dissolution of his marriage to Helen E. Willick (the wife). We reverse on one point, but otherwise affirm.
On September 12, 1980, the wife filed a petition for dissolution of the parties’ marriage, also seeking, among other things, adjudication of the parties’ property rights. A pretrial conference was held on September 9, 1981. After final hearing held on September 21, 1981, final judgment was entered dissolving the marriage and, inter alia, ordering the husband to purchase from the wife her fifteen shares of stock in Wil-lick Industries, Inc. The husband’s motion for rehearing was denied. This appeal followed timely.
*1130 Unfortunately, the pretrial conference was not reported. However, the trial court stated at the final hearing:
THE COURT: I think the record should reflect that the Court conducted a pretrial conference in this matter with the attorneys and certain of the matters which were previously in dispute have been resolved and will not be tried today.
It has been agreed between Counsel . .. that Mrs. Willick owns shares of stock in the corporation which is closely held by the husband as president.
MR. FINCH [the wife’s counsel]: The children, the wife and the father.
THE COURT: Right. That it has been agreed that stock will be — the value of that stock will be determined by an impartial CPA firm locally.

[I]t has been agreed that the husband will pay to the wife the fair market value of the stock.
The husband denied having agreed to purchase the wife’s shares of stock in his corporation, his trial counsel stating:
We never agreed to — we would pay her for anything other than what the Court would order, and that was an issue as of the pretrial conference. We have no issue as to whether or not the shares are hers, and I brought it up. I said that it was my position, and has been my position from pleadings filed in this case, this Court can’t order him to buy her shares or liquidate her shares. That has always been an issue.
THE COURT: That was agreed upon.
This is no longer an issue. You agreed to that on behalf of Mr. Willick. I clearly and distinctly remember it. You agreed he would pay her the fair market value, and that was the reason for naming the CPA firm to do the appraisal.
Mr. Hayden [the husband’s counsel], you are not going to renege on an agreement you made at the pre-trial. That is no longer an issue in the case, and don’t argue with me. I am ordering it, you understand that?
Again, in his motion for rehearing, the husband reiterated his denial of an agreement to purchase the wife’s stock, stating:
That the Respondent never made any agreement as to the purchase of Petitioner’s stock and all parties were keenly aware of the fact that there was no issue as to stock since fifteen (15) shares were to be given to the Petitioner. Florida law would not allow the Court to order the Respondent to pay for the shares of stock of the Petitioner as the corporation was not a party to this action. Furthermore, as to the pre-trial conference and any agreement made therein, no terms were ever discussed, nor whether the stock was to be purchased at book value, market value, or the actual value at today’s price. Yet the Court apparently misunderstood the statement made by Respondent’s counsel that no issue existed. Earlier in the cause, Respondent’s counsel objected in writing that the corporation owned by the Respondent was not subject to the litigation and that the records of the corporation’s assets were not attainable pursuant to a notice to produce. A hearing was held and the Court ordered that Respondent was to produce the value of the assets of the corporation as it was a closely held corporation and such would tend to show the ability of the Respondent to pay alimony and solely as it related to the Respondent’s ability to respond to any subsequent award of support. At no tíme was it ever discussed between counsel before or after that hearing that the stock would be bought by the Respondent.. . . Again, at no time was it agreed that Respondent would buy the Petitioner’s stock and if anything such was assumed, then apart from not having any agreement, there could not have been in law a binding agreement since no terms were given, and most importantly, no consideration was given by Respondent for the agreement to purchase.
We agree with the husband’s contention that the trial court erred in making the conclusion recited in the final judgment that the husband had agreed to purchase *1131 the wifes shares of stock in the husband's corporation. While it was the court’s recollection that such an agreement was reached at pretrial conference, any such agreement should have been confirmed in a written order. Florida Rule of Civil Procedure 1.200(c) provides:
Pretrial Order. The court shall make an order reciting the action taken at the conference, the amendments allowed to the pleadings and the agreements made by the parties about any of the matters considered and limiting the issues for trial to those not disposed of by admissions or agreements of the parties. The order shall control the subsequent course of the action unless modified at the trial to prevent injustice.
(Emphasis supplied). No such pretrial order was entered here, nor was any record of the pretrial proceedings made. Without such a transcript here, we have no way of knowing whether the stipulation relied on by the trial court was actually agreed upon.
The wife relies on Compass Enterprises, Inc. v. Earls, 397 So.2d 1039 (Fla. 5th DCA 1981), which states:
Although Florida Rule of Civil Procedure 1.200 contemplates a formal pre-trial conference after notice and followed by a formal written order, in actual practice it is common for counsel and the trial court to confer immediately before trial, especially in non-jury trial cases, to narrow the issues upon which evidence need be taken. The trial court is justified in accepting and relying upon the admissions and agreements of counsel at such conferences. ...
Id. at 1040. However, that case is inappo-site for two reasons. First and foremost, the conference in that ease was held on the day set for trial and final judgment was entered at the conclusion of the conference, the trial court’s ruling at conference having obviated the need for trial. Here, in contrast, the conference was held twelve days prior to the final hearing. Second, there was no dispute in Earls as to what occurred at the conference, only a later challenge by appellant concerning the propriety of the trial court’s action at that time. The other cases relied on by the wife are also inapplicable here.
We have considered the other point raised by the husband and find it to be without merit.
Accordingly, the portion of the final judgment of dissolution requiring the husband to purchase the wife’s stock in Willick Industries is vacated and the cause remanded for further proceedings concerning this issue. The judgment is otherwise affirmed.
RYDER and CAMPBELL, JJ., concur.