PER CURIAM.
A garage owner who comes into peaceful possession of certain vehicles for storage from one lawfully in possession of same (on June 6, 1979) was neither subject to the current statutes[1] as to the notice to the registered owner nor within the prohibited activity proscribed by Sniadach v. Family Finance Corporation of Bay View, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969) and Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1893, 32 L.Ed.2d 556 (1972), and therefore could validly perfect a lien for storage charges as to said vehicles. Therefore the final judgment entered after admissions made at a pretrial conference[2] be and the same is hereby affirmed.
Affirmed.

. Section 715.07(2)
2. The person or firm towing or removing the vehicle shall, within 30 minutes of completion of such towing or removal, notify the municipal police department or, in an unincorporated area, the sheriff of such towing or removal, the storage site, the time the vehicle was towed or removed, and the make, model, color, and license plate number of the vehicle and shall obtain the name of the person at that department to whom such information was reported and note that name on the trip record.
Section 713.78
(3)(a) Any person regularly engaged in the business of recovering, towing, or storing vehicles who comes into possession of a vehicle pursuant to subsection (2), and who claims a lien for recovery, towing, or storage services, shall give notice to the registered owner and to all persons claiming a lien thereon, as disclosed by the records in the Department of Highway Safety and Motor Vehicles or of a corresponding agency in any other state.
(b) Notice by registered or certified mail shall be sent to the registered owner and to all persons claiming a lien within 14 days of the date of possession. It shall state the fact of possession of the vehicle, that a lien as provided in subsection (2) is claimed, that the lien is subject to enforcement pursuant to law, and that the owner or lienholder, if any, has the right to a hearing as set forth in subsection (4).

. Compass Enterprises, Inc., v. Earls, 397 So.2d 1039 (Fla. 5th DCA 1981); Bartlett Construction, Inc., v. Costal Plains, Inc., 353 So.2d 892 (Fla. 3d DCA 1978).